**FELICZAK v. KOPYCINSKI et al.**

No. 3868.

Court of Civil Appeals of Texas. Beaumont.

June 26, 1941.

W. H. Betts, of Hempstead, for appellant.

W. J. Embrey, of Brenham, for appellees.

O'QUINN, Justice.

This suit was brought by Kate Baranowski and others, as plaintiffs, in the district court of Washington County, Texas, against S. A. Feliczak, individually and as executor of the estate of Adam Kopycinski, and others, for the partition of 226 acres of land situated in Washington County, Texas, alleged to have been the community property of Adam Kopycinski, and his wife, Julia Kopycinski, and for accounting.

Appellant answered that the district court of Washington County was without jurisdiction to hear and determine the matters in question for in that the county court, in the exercise of its probate powers, had exclusive jurisdiction of the matters involved; that the estate of the said Adam Kopycinski was being then administered by said court through him as executor duly appointed and acting; suggested the want of jurisdiction over defendant Annie Feliczak because of her having been duly declared of unsound mind and her guardian was not a party to the suit; presented numerous special exceptions, general demurrer, and plead limitation against the suit for rents. An exhibit showing receipts and expenses from January 1, 1938, to date was attached.

The court overruled the plea to the jurisdiction, appointed a guardian ad litem for the defendant Annie Feliczak, who answered for said defendant, overruled the plea in abatement, all demurrers, general and special, and permitted the defendant Mike Kopycinski to be dismissed from the suit, and then permitted said defendant to intervene as a party plaintiff.

The cause was tried to the court without a jury, and judgment rendered in favor of plaintiffs: (a) for partition of the 226 acres of land, awarding one-half with the improvements thereon made by Adam Kopycinski after his wife's death to Adam Kopycinski's estate, and the other half to the heirs of Julia Kopycinski (wife of Adam Kopycinski) one-tenth each; (b) judgment against S. A. Feliczak, executor, for the plaintiffs' share of the rents of the land collected by him as executor off of the portion of the land owned by the heirs of Julia Kopycinski, after his appointment and qualification as executor, which amounted to $69.16; (c) judgment against S. A. Feliczak, individually, for the plaintiffs' share of the rents collected by him since 1939, up to the time of Adam Kopycinski's death off of a 26 acre tract, a part of the estate, amounting to $26.32, for the period of time less than two years before the suit was filed; and the sum of $169.32 was awarded to the plaintiffs under disability (the married daughters of Adam Kopycinski). The court further finding that no one person would have the right to rent, lease, or manage the entire tract of land pending the partition of same, or to conserve the property until the partition could be effectuated, under the law, in order to conserve and protect the property, appointed a receiver to take charge of, rent and collect the rents derived from same for the time during which the property could be partitioned, such receiver to in no wise interfere with the administration of the estate of Adam Kopycinski then pending in the Probate Court of Washington County, Texas. The judgment did not decree a partition of the land allotted to the estate of Adam Kopycinski among the heirs of Adam Kopycinski, but only segregated his estate's share (the north half) from the other joint owners. No judgment was rendered against the estate of Adam

Kopycinski for rents, but rendered judgment against S. A. Feliczak, Executor, for said rents, and this judgment was for the rents collected by him for the time after he was appointed executor of the estate of Adam Kopycinski. From this judgment Feliczak gave notice as executor and individually of appeal, but he did not perfect the appeal from the judgment against him individually.

Appellant's first proposition challenges the jurisdiction of the district court to adjudge partition of the land constituting the estate of Adam Kopycinski because said estate was then being duly administered in the Probate Court of Washington County, which court he says had exclusive jurisdiction to manage, settle, partition and distribute same among the heirs entitled to receive same.

■ The 226 acres of land owned by Adam Kopycinski and his wife, Julia, was community property. When Julia Kopycinski died intestate on March 13, 1913, her half of the community estate vested in her children, plaintiffs herein. Her husband, Adam Kopycinski, continued to reside upon and use the land, up to and until about four years before his death, when he went and lived with one of his married daughters, Frances Bartniski. During the time he continued to reside upon the home, he appointed appellant, Steve (S. A.) Feliczak, who also had married Annie Kopycinski, one of Adam Kopycinski's daughters, to take charge of, manage, rent, collect the rents, etc., of the land. This continued up to and after Adam Kopycinski moved to his daughter, Mrs. Bartniski's home and lived with her. Adam Kopycinski died November 4, 1939, leaving a will which was duly probated, naming appellant executor, requiring bond which was duly executed and he, Steve (S. A.) Feliczak, duly qualified and took charge of the estate. This suit was filed August 22, 1940. The judgment did not order the half of the land awarded to the estate of Adam Kopycinski partitioned, but merely segregated it (the north half of the tract) from that awarded to plaintiffs with provision that the partitioning should in no manner interfere with the administration of the Adam Kopycinski' estate by the executor. This the district court had power to do. The interest of the heirs inherited from their mother was an undivided one half of the land, and the interest of the estate of Adam Kopycinski was also an undivided interest in the same land. Although this one half, under the will, was being administered by appellant in the probate court, the district court had jurisdiction of the suit to have the undivided interest in the land segregated from the interest belonging to the heirs of Julia Kopycinski, deceased. 32 Tex.Jur. Sec. 30, pp. 178, 179; Cyphers v. Birdwell, Tex.Civ.App., 32 S.W.2d 937-939, writ refused.

The second proposition urges that the judgment must be reversed because one of the defendants, Annie Feliczak (wife of appellant), was not sui juris (was of unsound mind) and was not served in person with citation in the case.

The record discloses that the defendant, Annie Feliczak, was, before being adjudged of unsound mind, served with process. This appears in the order of the trial judge when he appointed a guardian ad litem and attorney for said defendant, and said attorney appeared and filed answer for said defendant. The assignment is overruled.

■■ The third proposition asserts that the judgment must be reversed because John Kopycinski, one of the heirs of Adam and Julia Kopycinski, and a necessary party, was not a party to the suit. It appears that the proposition is based upon assignments of error Nos. 15 and 17. Assignment 15 reads: "The court erred in taking jurisdiction and adjudging a partition of the lands described in plaintiffs' petition because all of the necessary parties were not before the court." This is a correct abstract proposition of law, but for an assignment to be sufficient it must point specifically to the error being assigned. This no where points to the necessary party not made a party to the suit. It is too general. Assignment 17 reads: "The court erred in taking jurisdiction and adjudging a partition of the lands described in plaintiffs' petition because John Kopycinski, a necessary party, was not in person, by guardian and/or attorney ad litem, before the court."

■ We doubt the sufficiency of this assignment. It merely says that John Kopycinski was a necessary party and does not state why he was such. The proposition (3d) reads: "John Kopycinski was a necessary party, was not before the District Court of Washington County, Texas, and said court could not adjudge a partition; it was necessary that all the joint owners or cotenants be made parties and that said court acquire jurisdiction over all of them." Abstractly this is good law. Only by im-

plication, however, could it be said that John Kopycinski was a co-owner or joint tenant. However, we will consider the question presented. Appellant did not attack the jurisdiction of the court below on this ground. The first we find on this phase of the case, either as to pleading or evidence, is in appellant's brief. There is no question but that John Kopycinski was represented by his brother Steve Kopycinski as next friend. It appears that appellant insists that as Steve was himself a party plaintiff and asking for judgment against appellant he could not act as next friend for his incompetent brother who was seeking the same relief against appellant as he sought. This contention is not sound. One cannot act as next friend for another in litigating a cause of action, and at the same time seek judgment against the one for whom he was acting as next friend, but where the next friend and the one for whom he acts are seeking judgment against the same defendant, his acts are permissible. Art. 1994, R.S.1925. The assignment is overruled.

The fifth proposition reads: "The plaintiffs having alleged and established that Helen Sebesta was a legally adopted daughter of Adam and Julia Kopycinski, she was a necessary party to a partition of the lands passing by descent from Julia Kopycinski."

■ In their petition, appellees alleged that "on March 13, 1913, said Julia Kopycinski, became deceased, intestate, leaving surviving her the following children, to wit: (here named her ten children, parties to the suit), and Helen Sebesta, an orphan living with the family, said to have been adopted (but who has relinquished any claim to the property)." The petition then alleged that each of the ten named children owned an undivided one-tenth each in the one-half of the community lands (the lands here involved) belonging to Julia Kopycinski. During the trial it was shown that Helen Sebesta had lived with the family of Adam Kopycinski; that she had married and said she did not claim any interest in the property, and if necessary she would make relinquishment to same. Counsel, while the matter was under discussion before the court, stated an investigation of the records of the County Court of Washington County, Texas, had been made and announced an agreement that the records of the County Court of Washington County, Texas, did not show that any proceedings were had and recorded in said court of said county with respect to a legal adoption of Helen Sebesta by Adam Kopycinski and his wife, Julia Kopycinski, as one of their children. For Helen Sebesta to have the right to inherit a portion of the estate of Adam Kopycinski and his wife, Julia Kopycinski, she must have been legally adopted by them as their child. There is no proof of any such adoption. That she lived with them and they said they intended to adopt her was not proof of such adoption. Under the evidence she was not a necessary party, or even a proper party to the suit. The assignment is overruled.

■ The sixth proposition contends that as the estate of Adam Kopycinski, deceased, was being administered by an executor appointed by the County Court of Washington County, Texas, the district court of said county did not have jurisdiction to appoint a receiver of such estate. The estate of Adam Kopycinski consisted of an undivided one-half of 226 acres of land with the improvements thereon. There were ten heirs to the whole estate— the children of Adam Kopycinski and his deceased wife, the land being community property. Appellant was executor under the will of Adam Kopycinski of only his, Adam Kopycinski's, one-half of the land. He was in no way administrator of the estate of Julia Kopycinski—the other half of the land. The heirs at law of said Julia Kopycinski inherited their deceased mother's half at her death, she having died intestate, the title to her half of the land immediately vested in them. So, there were two estates—one in the children and one in the surviving father, Adam Kopycinski—they jointly owned the undivided whole of the land. Proper showing having been made of the necessity for a receiver, under Article 2293, R.S.1925, the court was authorized to appoint a receiver. Appellant's contention is that the district court did not have jurisdiction to appoint a receiver for the Adam Kopycinski estate, then under administration in the probate court. However, if we understand the record correctly, the court did not appoint a receiver for this estate. The estate of Adam Kopycinski, deceased, and its administration as such was not before the court for the adjudication of any question. The suit was a straight partition suit for the division of 226 acres of land jointly owned, an undivided half by the heirs of Julia Kopycinski, deceased wife of Adam Kopycinski, and the other half by the es-

tate of Adam Kopycinski, deceased, then being administered by appellant under will of Adam Kopycinski. The court decreed a partition which segregated the half of the land owned by the estate of Adam Kopycinski from that of the other joint owners. Relative to the appointment of a receiver, the judgment provides: "It further appearing to the court that this term of court will terminate by operation of law, within a few days, and that the partition and division of said lands as herein decreed will not be accomplished by the Commissioners in partition at this term of court, and until the March Term, A. D., 1941, of this court; during the meantime, no one will have lawful authority over said entire properties, to rent and lease the same for the coming year, and collect such rents as are now owing thereon and unpaid; and to otherwise preserve and conserve the property and improvements, until the partition herein decreed may be effectuated, which is deemed necessary for the preservation and conservation of the jointly owned property, and which it is apparent from the evidence and the law, that the Executor of the Estate of Adam Kopycinski, Deceased, has no lawful authority to do; the court is of the opinion that under the principles and usages of equity, and for the purposes of preserving and conserving the property and improvements, until the division and partition can be effectuated as herein decreed, that a Receiver should be appointed for the purposes mentioned, viz., to rent and lease the said lands in their entirety for the coming year, and to collect such rents as are now owing and unpaid thereon, and to otherwise preserve and conserve the same; under the direction of this court and its orders; the court is of the opinion, that such a Receiver appointed only for the purposes mentioned, will not interfere with the administration of the Estate of Adam Kopycinski, Deceased, nor the Executor thereof, acting under the orders of the Probate Court, nor its jurisdiction, in any manner; It is therefore ordered, adjudged and decreed by the court that Wm. Seidel, be and he is hereby appointed Receiver, to rent and lease the jointly owned property above described, and to collect such rents as are now due and owing and unpaid thereon, and to otherwise preserve and conserve the property and improvements, during the pendency of this suit, and until the partition and division of the same is effectuated under the decrees of this court, to pay

over to the Executor of the Adam Kopycinski Estate, and the other joint owners of such property, their just, proper and lawful share of such rents, revenues and profits so collected, if any, subject to the orders of this court, but it is especially ordered that such Receiver shall in no wise interfere with the administration of the estate of Adam Kopycinski, Deceased, now pending in the Probate Court of Washington County, Texas; said Receiver shall execute and file a good and sufficient bond as required by law, in the sum of $100.00."

This provision of the judgment has support in the court's findings of fact (the court had in response to request from appellant, filed findings of fact and conclusions of law) as follows: "The court further finds that the said S. A. Feliczak, as Executor, has heretofore taken possession of the entire 226.96 acres of land herein sought to be partitioned and divided, and has illegally, unlawfully and without any authority, rented and leased out the said lands and has collected the rentals and revenues therefrom, in part, and has appropriated and converted the same to his uses and benefits as Executor, and has failed and refused to pay over to the plaintiffs or heirs of Julia Kopycinski, Deceased, their rentals and revenues accruing from the one-half interest and share in said lands owned by them in fee simple; that no one person has any legal right or lawful authority to take possession of the entire premises and rent out the same and collect the rentals therefrom and pay over the same to those entitled thereto, at this time, and until the premises and lands are partitioned and divided, as herein ordered; that the partition and division of said lands, as herein decreed, will not be accomplished at this term of the Court, and until the March Term, 1941, of this Court; that, during the meantime, no one person will have the lawful authority over said entire properties and lands, to rent and lease the same for the coming year and to collect such rentals as are now owing thereon, and unpaid, and to otherwise preserve and conserve the property and improvements, until the partition so decreed may be effectuated, and which the said S. A. Feliczak, as Executor, has no right to do; that the appointment of a Receiver for such purposes only will not interfere with the administration of the Estate of Adam Kopycinski, Deceased, nor the Executor thereof, acting under orders of the Probate Court, nor its jurisdiction, in any manner."

334

On these findings of fact, the court concluded:

a. "The court finds that the said S. A. Feliczak, as Executor, in taking possession of the entire 226.96 acres of lands herein sought to be partitioned and divided and renting and leasing out said lands and in collecting the rentals and revenues therefrom, and in appropriating and converting the same to his own uses and benefits as Executor, as against the Plaintiffs and heirs of Julia Kopycinski, Deceased, and as to the one-half interest or share owned by them in fee simple in said lands, illegally and unlawfully so acted, and did so without authority of law."

b. "By reason of the above finding, and the findings of fact, under Section IV above, under the principles and usages of equity, and for the purpose of preserving and conserving the property and improvements, until the division and partition herein ordered may be accomplished and effectuated at the March Term, A. D. 1941, of this Court, the Court finds that a Receiver should be appointed by the Court, for the purposes of renting and leasing the jointly owned lands in their entirety for the coming year, and to collect such rents as are now owing and unpaid thereon, and to otherwise preserve and conserve the property and improvements, during the pendency of this suit, and until the partition and division of same, as herein ordered, is effectuated, and to pay over to those justly entitled thereto, the rents and revenues so collected, if any, subject to the orders of this court."

The record thus discloses that the trial court did not appoint a receiver for the estate of Adam Kopycinski, deceased, and that no question affecting the administration of such estate, was before the court. In this case, we think, the facts upon which the receiver was appointed are not denied by appellant. The uncontroverted evidence shows that S. A. Feliczak, executor of the Adam Kopycinski estate, usurped his authority as such; that he took complete control and exclusive possession of the lands involved including the lands of appellees inherited by them from their mother, Julia Kopycinski; that without authority he rented and leased said lands, and that he not only collected the rents and revenues therefrom, but converted the same to his own use and benefit, and failed and refused to render to the other joint owners of said land an account-

ing, and refused to pay them anything of the rents and revenues so collected. This according to the findings of fact filed by the court. The assignment is overruled. Griggs v. Brewster, 122 Tex. 588, 62 S.W. 2d 980–985; Jones v. Hunt, Tex.Civ.App., 60 S.W.2d 1106.

Other assignments are presented. They have all been considered, and none of them show error, and are all overruled.

The judgment should be affirmed, and it is so ordered.

Affirmed.