Warren **FAIN** et al., Appellants,

v.

Morris D. **BEAVER**, Appellee.

No. 5103.

Court of Civil Appeals of Texas, Waco.

March 30, 1972.

Rehearing Denied April 20, 1972.

Tom L. Ragland, Waco, for appellants.

Joe Cannon, Groesbeck, for appellee.

OPINION

JAMES, Justice.

This is a partition suit involving realty and personalty, with a constructive trust problem. On August 24, 1962, Appellant Warren Fain took in his name as lessee a written lease contract from BiStone Municipal Water Supply District as lessor leasing a lake lot near Lake Mexia described as the surface rights of Lot 14, Block B, Burr Oak Subdivision, Lake Mexia, Limestone County, Texas. The lease contract called for a 99-year term, calling for a bonus of $250.00 to be paid by lessee at the time of the execution of the lease contract (either in cash or on an installment basis), and a $25.00 per year annual rental. Six men, being Appellant Fain, Appellee Beaver, and four others, all of whom had been friends for some ten years, entered into an oral agreement among themselves whereby they would share the expenses equally of leasing this lake lot and constructing a house thereon, as well as sharing equally the taxes, insurance, interest on borrowed money, and any other maintenance or operating expenses incident to this house and lot, with each party having equal rights to the use and enjoyment of the property. It was further agreed among them that the lease was to be taken in Fain's name as lessee. The record is not clear as to why the lease was taken in only Fain's name, because the trial court sustained an objection when that question was asked appellee Beaver; however, it appears to have been done because Fain was living in Mexia and it was more convenient for him to be the named lessee. The six men were Appellants Fain and Peters, Appellee Beaver, one Long, one DeBerry, and one Gunn.

All six parties borrowed $3000.00 from the First National Bank of Mexia, and all six executed a chattel mortgage instrument to said Bank, putting up as collateral a frame house 24 ft. by 34 ft., on the leased lake lot along with some other property, said $3000.00 being payable in 30 monthly installments of $111.00 each beginning May 17, 1962. The parties took this borrowed $3000.00 and put some additional money of their own with it, and constructed the house or cabin on the leased lake lot. This expense was shared equally and each party repaid his pro rata share of the principal and interest to the Bank, so that this debt was discharged at the time of this suit.

At some point along the way, after the execution of the chattel mortgage instrument above referred to, and prior to the time of this suit, DeBerry and Long wanted out of the joint arrangement; whereupon the remaining four in equal shares bought out DeBerry and Long.

The record goes on to show that the remaining four, to-wit, Appellants Fain and Peters, Appellee Beaver, and Gunn, thereafter equally shared pro rata the annual lease rental on the lot, the taxes, insurance, and all other expenses incident to upkeep of the place until the time of trial which took place in July 1971, to the end that each of the four had spent about $1500.00 as his pro rata share of the total expense.

It was agreed among the parties that Fain would hold the lease of the lake lot in his name for himself and the others, and all were to have equal rights to the possession and use of the house and lot, and they all did go into joint possession and did so use the property.

Appellee Beaver brought this suit as Plaintiff against Fain, Peters, Gunn, and BiStone Water Supply District as defendants, and in his First Amended Original Petition he sets up substantially the above fact situation and alleged that Fain is a constructive trustee for the benefit of himself (Beaver), Peters, and Gunn, concerning the lake lot and house; that Fain had fraudulently represented to Beaver, Peters, and Gunn that he was holding title for the

benefit of all four, and thereby induced him (Beaver) to invest money in the lease and the house; that Fain violated a fiduciary relationship with him (Beaver) and would be unjustly enriched if he (Fain) were permitted to be the sole owner of subject lot and house. Beaver further alleged that he, Peters, Gunn and Fain were each owners of a one-fourth undivided interest in and to the leasehold and house; set up that subject lot and house were incapable of partition in kind, and prayed for appointment of a receiver to sell the leasehold and house, pay the expenses and costs, and divide the net proceeds four ways among the four joint owners thereof. BiStone was made a party defendant in order to make possible an adjudication of the title to the leased lot.

Fain and Peters answered each by general denial, and in addition thereto Fain alleged in effect that the oral agreement was void and unenforceable because it violated the Statute of Frauds (Section 26.01 of the Business and Commerce Code, V.T.C.A.), the Statute of Conveyances (Article 1288) and the Texas Trust Act (Article 7425b–7), Vernon's Ann.Tex.Civ. St.

Defendant Gunn filed a waiver of appearance.

Trial was had before the court without a jury; whereupon Plaintiff-Appellee Beaver was the only interested party to testify. Fain and Peters were represented by counsel but neither of them appeared in person. Gunn did not appear either in person or by counsel.

The trial court entered judgment for Plaintiff-Appellee Beaver, finding the subject leased lot and house were incapable of partition in kind, adjudged that Beaver, Fain, Gunn and Peters each owned an undivided one-fourth thereof, appointed a receiver to sell the house and the leasehold lot and divide the net proceeds among the four parties after payment of costs and sale expenses, taking into account the rights of BiStone as lessor of subject lot.

Fain and Peters requested Findings of Fact and Conclusions of Law, which were made by the trial court. The facts found by the trial court were substantially those hereinabove outlined. The pertinent conclusions of law in effect were that Fain was holding the house and leased lot as a constructive trustee for Beaver, Peters and Gunn; that Fain owed the other three a fiduciary relationship; that Fain would be unjustly enriched if he were permitted to be sole owner of subject property; that the judgment does not violate the Statute of Frauds, the Statute of Conveyances, and the Texas Trust Act.

Fain and Peters prosecute this appeal on nine points of error. The first three points in effect complain that the imposition of a constructive trust on the leased lot violates the parol evidence rule, the Statute of Frauds, the Statute of Conveyances, and the Texas Trust Act.

Let us first discuss the Trust Act aspect. Appellant says the oral agreement among the parties regarding Fain's holding title to the leasehold lot for himself and the others is an express oral trust and therefore violates Article 7425b–7, V.A. T.S. This last named Article sets up the requisites of an express trust and, insofar as applicable to the case at bar, in effect holds such an oral agreement (where one person holds title for himself and third persons) in relation to real property invalid unless created, established or declared by a written instrument subscribed by the trustor or by his agent duly authorized in writing.

However, Article 7425b–2 plainly states that "Trust" for the purpose of the Texas Trust Act (Articles 7425b–1 through 7425b–48a inclusive) means an express trust only, and does *not include resulting or constructive trusts.*

To resolve this problem we have the benefit of several opinions of our Supreme Court which shed light on various aspects thereof. The philosophy behind the theory of the constructive trust is best summed up

by Judge Cardozo as quoted by Justice Ruel C. Walker in Gaines v. Hamman (1962), 163 Tex. 618, 358 S.W.2d 557 where he says the construtive trust "is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." (Also see footnotes on page 561 defining the term "fiduciary," as well as holding that fiduciary relationship may grow out of informal relationships such as moral, social, domestic or merely personal ones (approving Holland v. Lesesne (San Antonio Tex.Civ.App.1961) 350 S.W.2d 859, error refused, NRE).

The case of Omohundro v. Matthews (1960), 161 Tex. 367, 341 S.W.2d 401 is directly in point to the case at bar. Omohundro and two others were engaged in a joint venture in a series of transactions whereby it was orally agreed that Omohundro would take the title in his name to royalty interests, and that the three parties would share equally in the title to the royalty interests and would be partners insofar as the gains and losses were concerned. Omohundro thereafter repudiated the oral agreement and undertook to hold title to the royalty interests in question in himself alone and denied that the two other parties had any interest in same. Our Supreme Court held that a constructive trust was placed upon subject property and held that Omohundro held title thereto as a constructive trustee in order to safeguard the property rights of the other two parties, and to prevent Omohundro from being unjustly enriched at the expense of the other two partners. Moreover, it was specifically held that even though there was an express oral agreement to the effect that Omohundro would hold title not only for himself but also for the two other partners, that this would not prevent the imposition of a constructive trust. Our Supreme Court speaking through Justice Joe Greenhill points out that the oral

contract was not being enforced, but rather that the constructive trust, based upon the violation of a fiduciary and to prevent unjust enrichment is being enforced.

In Fitz-Gerald v. Hull (1951), 150 Tex. 39, 237 S.W.2d 256, the defendant had orally agreed with plaintiffs that he (defendant) would purchase a mineral lease and take title in all three of their names, and that plaintiffs would jointly own an undivided one-half interest therein, and defendant would own the other half. The defendant violated that oral agreement and took title in his own name, and subsequently repudiated the agreement. The direct question was raised that this oral agreement was an express trust and therefore was specifically prohibited by Article 7425b-7. The Supreme Court speaking through Justice Griffin held that a constructive trust was created and had this to say: "This trust arose not because there was any agreement for the title to be taken in the name of petitioner, and the property to be held by him in trust for the respondents—as would be necessary to constitute an express trust—but, because under the facts, equity would raise the trust to protect the rights of respondents, and to prevent the *unjust enrichment* of petitioner by his violation of his promise and *duty to the respondents* to take title in the name of the three of them, and for their mutual profit and advantage," (emphasis added). The Court in a comprehensive discussion reaffirms that the Texas Trust Act does not prohibit resulting or constructive trusts, because of Article 7425b-2.

In Fitz-Gerald, the court gives a learned dissertation on constructive trusts which we will not repeat here, except the following from the top of page 262: "The general rule is that a purchase, upon his own account or for his own benefit, by a fiduciary or confidant, of the property constituting the subject matter of the confidence or fiduciary relationship, in violation of the trust or confidence reposed in him, raises a constructive trust in favor of his principal or confider. The rule is not con-

fined to a particular class of persons, such as guardians, trustee, or solicitors, but is a rule of universal application to all persons coming within its principle. The principle of the rule is that no party can be permitted to purchase an interest where he has a duty to perform which is inconsistent with the character of a purchaser."

Based upon the court's reasoning in *Omohundro* and in *Fitz Gerald*, we hold in the case at bar: that Fain held a fiduciary relationship to Beaver and the other two parties; that the leased lot as well as the improvements thereon were subject to a constructive trust to protect the undivided one-fourth interest of Beaver; that since the fairness of Fain's conduct was attacked, the burden of proof was upon Fain as fiduciary to establish the fairness of the transactions; that if a constructive trust were not impressed upon subject property that Fain would be unjustly enriched at the expense of Beaver.

With reference to the standard of conduct required of the fiduciary, our Supreme Court in MacDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334, enunciates this rule: "This is a suit in equity and in that realm the conduct of parties is judged by refined standards. No rules can be prescribed and no attempt should be made to formulate rules for the measurement of conduct by courts of equity, but that such conduct must be measured by standards exacting the utmost fidelity between the parties is universally recognized."

Now let us consider appellants' contention that enforcement of the oral agreement between Fain, Beaver, et al., violates the parol evidence rule, the Statute of Frauds, and the Statute of Conveyances. The pertinent Statute of Frauds is now Section 26.01 of the Business and Commerce Code, V.A.T.S. (formerly Article 3995, repealed in 1967). The pertinent Statute of Conveyance is Article 1288, V.A.T.S. Neither the Statute of Frauds nor Article 1288 is a bar to the establishment of a constructive trust, since such trusts

may be proved by parol. Sorrells v. Cofield, 144 Tex. 31, 187 S.W.2d 980; Wilson v. Therrell (Amarillo Tex.Civ.App. 1957) 304 S.W.2d 723, error refused NRE.

Appellants' first, second and third points are overruled.

One other aspect of the instant case needs to be pointed out: Plaintiff-Appellee Beaver is the only party whose testimony the trial court heard; Fain and Peters did not choose to appear and testify, although their attorney was present; neither did Gunn who filed a waiver. These failures to testify raise a strong presumption against Appellants' position and strenghten the probative force of Appellee Beaver's evidence. Rosen v. Peck (Waco Tex.Civ.App.1969) 445 S.W.2d 241 (no writ history), syl. 1 on page 246 and cases therein cited. Failure to produce evidence within a party's control raises the presumption that if produced it would operate against him, and every intendment will be in favor of the opposite party. The force of evidence is greatly increased by the failuse of the opposite party to rebut it, where it is obvious that the means are readily accessible to him. Lindsey v. State (Eastland (Tex.Civ.App.1946) 194 S.W.2d 413, error refused NRE.

In view of our holdings in Appellants' points one, two and three, it is not necessary for us to pass upon Appellants' points four, five and six.

Appellants contend in points seven, eight, and nine that the trial court erred in appointing a receiver to take charge of and sell the subject real estate (leased lot) contending that there are no pleadings to authorize such appointment, no evidence and insufficient evidence to support such appointment "under the provisions of Article 2293." We overrule these contentions. We have carefully examined the Appellee's pleadings upon which he went to trial, and have summarized them in this opinion, and find them sufficient. Article 2293, V.A.T.S.

provides that receivers may be appointed in certain enumerated types of cases, and then in subsection 4 says: "In all other cases where receivers have heretofore been appointed by the usages of the court of equity." Moreover, Rule 770, Texas Rules of Civil Procedure authorizes the trial court to order a sale by receiver at public or private sale in situations where the court is of the opinion that the property is incapable of partition in kind. Here, the house and lot was manifestly incapable of partition in kind. Partition among owners of a leasehold estate is permissible. Texas Co. v. Cain (Texarkana Tex.Civ.App.1944) 177 S.W.2d 251, error refused, want of merit.

Judgement of the trial court is affirmed.

Affirmed.