Lionel E. GREEN, Appellant,

v.

Fairrillia DOAKES, Appellee.

No. 17566.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 20, 1979.

Proctor & Bussey, Mamie Moore Proctor, Houston, for appellant.

Matkin, Ledbetter & Johnson, Dale Ledbetter, Houston, for appellee.

DOYLE, Justice.

Fairrillia Doakes (appellee) filed suit against her former husband, Lionel E. Green (appellant) to partition and sell certain real property which the parties have held as tenants-in-common since their divorce in 1971. The appellant was duly served with citation and filed a pro se answer. In a trial before the court, at which the appellant failed to appear, the court appointed a receiver and ordered the land sold with the proceeds of the sale to be divided equally between the parties after court confirmation and certain deductions. Appellant contends that the divorce judgment of 1971 adjudicated the rights of the parties to the real property involved and hence the present partition suit and all orders issued with it are res judicata. Appellee submits that the issues concerning partition, appointment of a receiver, ordering a sale and dividing the proceeds have not been litigated and are the proper subject of this action.

We affirm with instructions.

The facts are undisputed. In 1971 the parties were divorced in Houston, Texas. Included in the divorce decree was the following provision:

> The court further finds that the parties hereto own a homestead located at 2946 Almeda Plaza, in Houston, Harris County, Texas, and that the same should be sold with the proceeds, after payment of all indebtedness and costs of sale be divided equally among the parties; provided that each party shall have the opportunity to buy from or sell to the other party on such terms as are mutually agreeable to the parties.

Since 1971, the parties have been unable to agree on the sale of the three bedroom home to each other or to anyone. Appellant has lived in the home since 1971.

Appellee's petition did not specifically pray for the appointment of a receiver, but requested that the property be partitioned and sold "and for such other and further relief both in law and in equity to which Plaintiff may show herself justly entitled."

After hearing evidence from appellee and a real estate broker, the court appointed the broker as receiver to sell the home. Sale of the home is subject to court confirmation and then proceeds from the sale are to be used to pay off the mortgage; pay the costs of sale and receiver fees and expense; and pay attorney's fees and sums expended by appellee for the property after the filing of this suit, if any, as may be allowed by the court at confirmation. The remaining proceeds are to be divided equally between the parties provided that each party's share shall be subject to any indebtedness against the property incurred by that party since their divorce in 1971.

The record in this case consists of a short statement of facts and the transcript. Appellant brings this appeal by writ of error since neither he, nor counsel, appeared at the actual trial. Appellant brings four points of error, the first of which complains that the suit is res judicata.

■ Appellant argues that the divorce decree of 1971 adjudicated the parties' rights regarding this property and therefore any subsequent judgment regarding this same property is barred. Three cases are cited by appellant supporting this contention, *Masters v. Stair*, 518 S.W.2d 439 (Tex.Civ.App.—San Antonio 1975, no writ); *Ogletree v. Crates*, 363 S.W.2d 431 (Tex. 1963); *Mullinax, Wells, Mauzy & Collins v. Dawson*, 478 S.W.2d 121 (Tex.Civ.App.— Dallas 1972, writ ref'd n. r. e.). None of these cases are in point, nor are they factually similar to the case at bar. While the parties in this case are the same parties involved in the prior divorce proceeding, the instant case is a new cause of action, involving the partition of real property. The

relief sued for is an undivided one-half (½) interest in the real property and not a divorce. The parties are not before the court as man and wife seeking a divorce and division of their property, but as tenants-in-common seeking a partition of real property which cannot be divided in kind, but must be sold and the proceeds divided. If the facts had given rise to a plea of res judicata, appellant has waived such by failing to affirmatively plead this defense in accordance with Rule 94, T.R.C.P. *Layton v. Layton*, 538 S.W.2d 642 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *Lewis v. McClelland*, 502 S.W.2d 915 (Tex.Civ.App.— Austin 1973, no writ). Appellant's first point of error is overruled.

■ In his second point of error appellant argues that a receiver cannot be appointed because appellee did not specifically pray for such relief. This argument is wholly without merit.

Pursuant to Rule 770, Texas Rules of Civil Procedure, receivers have been appointed in practically every partition case. *Murphey v. Murphey*, 131 S.W.2d 158 (Tex. Civ.App.—Waco 1939, no writ); *Feliczak v. Kopycinski*, 153 S.W.2d 329 (Tex.Civ.App.— Beaumont 1941, no writ). Rule 770 provides that a receiver may be appointed and property sold if the court "be of the opinion that a fair and equitable division of the real estate, . . . cannot be made . ." *Fain v. Beaver*, 478 S.W.2d 816 (Tex.Civ. App.—Waco 1972, writ ref'd n. r. e.). The appointment of a receiver lies within the discretion of the court and may be invoked whether specifically prayed for or not.

■ By his third point of error, appellant argues that this property is his homestead and as such the proceeds from its sale may not be used to pay general debts. We overrule this point because appellant's answer to this suit consisted only of a general denial and nowhere in the record before us does either party identify this property as appellant's homestead. In the absence of any proof that the property belonging jointly to the parties is a homestead, we do not consider the authorities cited by appellant to be

in point and the proceeds from the sale of such property are not protected by the provisions of § 50, Article 16 of the Texas Constitution. There is a question, as to whether attorney fees may be paid from such proceeds, which we will discuss later.

Appellant's fourth point of error complains of the trial court's ordering that any indebtedness incurred by either party after May 25, 1971, the date of the parties' divorce, be deducted from the net proceeds of the indebtor.

■ A trial court has authority to adjust the equities and claims of the parties in connection with the partition of property. *Goodloe & Meredith v. Harris,* 127 Tex. 583, 94 S.W.2d 1141 (Tex.Com.App.1936, opinion adopted); *Hipp v. Fall,* 213 S.W.2d 732 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.); *Bouquet v. Belk,* 404 S.W.2d 862 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); *Chandler v. Hartt,* 467 S.W.2d 629 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.). The court did not abuse its discretion in ordering the proceeds of this sale to be used first to pay for the costs of the sale and then to be equally distributed to the parties. There was testimony that appellee had to pay sums on the mortgage to prevent foreclosure; that the rental value of the property was approximately $130 to $185 per month, and that appellant has lived on the property. Under such facts, the trial court clearly had the right to adjust the equities and claims of the parties including any adjustment necessary to prevent one party from encumbering the other's separate interest in any manner during the 8 year interim since the divorce. *Hoover v. Materi,* 515 S.W.2d 406 (Tex.Civ.App. —El Paso 1974, ref'd n. r. e.).

■ It is to be noted that the portion of the judgment concerning the receiver's sale and disposition of the proceeds is subject to confirmation by the court. Clearly the court is authorized to order payment of the mortgage balance due, the receiver's fees and expenses and sums expended by appellee on the property after March 6, 1978. Since that portion of the proceedings has not been reached, we do not know whether the trial court will award appellee attorney's fees. However, we can find no legal basis for the payment of attorney's fees. Attorney's fees were awarded in the divorce in 1971. This proceeding is a partition suit and there is no statutory authorization for the payment of such fees. Therefore, in order to avoid future litigation on this point, we suggest that the trial court not award attorney's fees to appellee.

With such instruction, the judgment of the trial court in all other particulars is affirmed.

COLEMAN, C. J., and WALLACE, J., also sitting.