**Amy WARE, Appellant,**

v.

**Ralph WARE, Appellee.**

**No. 04–90–00549–CV.**

Court of Appeals of Texas,
San Antonio.

April 17, 1991.

**570**

Wallace B. Jefferson, and Rebecca L. Humphrey, Groce, Locke & Hebdon, San Antonio, for appellant.

Sam C. Bashara, Law Offices of Sam C. Bashara, P.C., San Antonio, for appellee.

Before BUTTS, PEEPLES and GARCIA, JJ.

## OPINION

GARCIA, Justice.

Appellant, Amy Ware, appeals from a post-divorce partition suit, wherein appellee, Ralph Ware, prevailed in seeking to compel the sale of jointly-held property. Appellant raises two points of error. Appellee requests that we impose sanctions against the appellant pursuant to Rule 84 of the Texas Rules of Appellate Procedure. We affirm the judgment of the trial court, and deny appellee's request for damages.

Amy and Ralph Ware were divorced pursuant to a divorce decree dated March 27, 1985. The parties agreed to the terms of the decree, and no appeal was taken from the 1985 judgment. The divorce decree ordered in part that

> the property located at 200 Primrose, San Antonio, Bexar County, Texas, ... be immediately placed on the market for sale at a price mutually agreeable to the parties. If the parties cannot agree, then the property shall be placed on the market for the appraised value of $570,-000....
>
> It is further ORDERED that AMY WARE shall have exclusive use and benefit of the property ... subject to the use awarded to RALPH WARE hereinafter until such property is sold.

Other parts of the 1985 decree specified how the proceeds of the sale of the Primrose property are to be distributed, and placed the financial burden relating to tax and insurance costs of the property equally on the parties.

In 1989, Mr. Ware filed his petition for sale of the Primrose property and partition of the proceeds. Appellant filed her answer, which included the affirmative de-

fense of res judicata. The trial court entered a judgment partitioning the property, appointing a receiver to handle the sale of the property, continuing the previous order designating Ms. Ware as the party to enjoy the exclusive use of the property, and other incidental matters regarding the procedures to be followed upon sale of the property, none of which changed the property division in the 1985 decree.

■ In her first point of error, appellant contends that the trial court erred in rendering a post-divorce partition judgment because the action is barred as a matter of law by the doctrine of res judicata. A divorce decree which becomes final and from which no appeal is taken is res judicata of any attempt to re-litigate the divorce property division in a subsequent partition suit. Appellant cites as authority for her position *Baxter v. Ruddle*, 794 S.W.2d 761 (Tex.1990), where the supreme court articulated the rule that parties to a divorce action are barred by the doctrine of res judicata from re-litigating the property division previously awarded in a final divorce decree. In *Baxter*, however, the former wife attempted to collect a percentage increase of her former husband's military retirement benefits in a suit subsequent to the divorce. There the court held res judicata applied because the divorce decree contained unambiguous language relating to the apportionment of the retirement benefits. The decree stated in part that Ms. Baxter was to receive "thirty-seven and one-half per cent (37½%) of all increases therein due to the cost of [living] if, as and when received." *Id.* at 762. The questioned language in the Ware decree does not relate to retirement benefits. More importantly, the language in the Baxter decree is easily understood, leaving very little room for ambiguity. The questioned language in *Baxter* is plain, simple, and clear. Thus, in *Baxter* the former husband's attempt to re-litigate the issue was denied on the basis of res judicata. Here, the trial court was faced with the fact that the Ware decree failed to provide a remedy in the event the Primrose property remained unsold at the stated appraised market value of $570,000. Appellee sought the appointment of a receiver to conclude the sale of the property. Clearly, the disposition of the Primrose property in the event of the parties' inability to sell the property at any sale price was not adjudicated by the divorce court. The dispute among the parties arose when the parties, joint owners of the Primrose property, were unable or unwilling to reach a mutually agreeable sale price. Thus, the disposition and implementation of the terms relating to the proceeds derived from the sale of the Primrose property are held in abeyance to the detriment of both parties.

■ Appellant argues that the parties agreed to the terms of the decree, thus creating a contractual relationship which precludes a partition of the property. This assumes that the parties agreed to the $570,000 figure in the decree as the "selling price" versus the "requested price." Admittedly, had the parties clearly stated that as their intent, we might view this case differently. The right to partition is absolute as provided in law. TEX.PROP. CODE § 23.001 (Vernon 1984) and TEX.R. CIV.P. 770. Further, in the event the property cannot be partitioned in kind, the property may be sold. *Benson v. Fox*, 589 S.W.2d 823 (Tex.Civ.App.—Tyler 1979, no writ).

■ In the absence of any findings of fact and conclusions of law, we must presume that the trial court made all the necessary findings to sustain its judgment. *In re W.E.R.*, 669 S.W.2d 716 (Tex.1984). In this case, the court had the following facts to consider: a) a final divorce decree which failed to provide for any relief in the event the parties were unable to sell the property, b) a "requested" sales price of $570,000 in the decree which appeared unobtainable, and c) the unlikelihood that appellee would have agreed to permit appellant to remain on the property forever, or for a long time, as this could have easily been provided for in the final divorce decree. Moreover, it is not clear whether the $570,000 figure was intended by the parties to be the "selling price" or the "requested price." Thus, the parties were tenants-in-common as they

were joint owners of the Primrose property, and they were unable to dispose of the property. Either party could have sought the partition and the appointment of a receiver to handle the sale of the property.

We are mindful that the parties are not seeking the same relief as sought in the divorce court. The facts in this case are similar to those in found in *Green v. Doakes*, 593 S.W.2d 762 (Tex.Civ.App.— Houston [1st Dist.] 1979, no writ). In *Green* the parties were unable to sell their home and the appellant resided on the property. The appellate court sustained the trial court's grant of the appellee's request for the appointment of a receiver and the partition of the property. "The parties are not before the [trial] court as man and wife seeking a divorce and a division of their property, but as tenants-in-common seeking a partition of real property which cannot be divided in kind, but must be sold and the proceeds divided." *Id.* at 764. We note that the appellant in *Green* had failed to plead an affirmative defense alleging res judicata. We do not believe that was the controlling factor in reaching its decision. We believe the dispositive factors which permit partition in the Ware case, as in *Green*, are the changed status of the parties and the different relief sought. In a divorce proceeding, the parties seek a divorce and a property division. In a partition action, the parties are not seeking a divorce, and the court does not change the property division award contained in the divorce decree. Thus, there is no re-litigation of the property award, which would be barred by res judicata, as provided in *Baxter*. Given that appellee did not seek a new property division, but merely an effectuation the terms of the decree relative to the Primrose property, a partition action was proper. We overrule appellant's first point of error.

Appellant's second point of error relates to the trial court's decision in permitting parol evidence to vary the terms of the agreed decree because the decree was not unambiguous as a matter of law and because appellee failed to plead ambiguity. First, even if any testimony was improperly admitted, we presume that the improper testimony was disregarded by the trial court. *Blanco v. Gracia*, 767 S.W.2d 896 (Tex.App.—Corpus Christi 1989, no writ). Second, whether the court based its judgment on any ambiguity in the language of the decree regarding the Primrose property, or the court found that the partition was a proper remedy for the reasons discussed above, is not clear. And, again, since we have no findings of fact and conclusions of law, we must presume that the trial court disregarded inadmissible testimony and considered only that evidence necessary to support its judgment. *See generally, Id.; Roberson v. Roberson*, 768 S.W.2d 280, 281 (Tex.1989). If there is some evidence to support the judgment, it must stand, and only evidence most favorable to the issue considered. *Lemons v. EMW Manufacturing*, 747 S.W.2d 372, 373 (Tex.1988). The clear omission of any remedy to the parties in the event of the property remains unsold provides some evidence to support the partition judgment. The language in the divorce decree, along with the fact that the parties were unwilling or unable to sell the property, is sufficient to give rise to a partition action. Appellee's testimony of his intent at the time of the divorce regarding the Primrose property was unnecessary. For these reasons, and the absence of any findings of fact and conclusions of law, we overrule appellant's second point of error.

Appellee requests that this court impose sanctions against appellant for pursuing an appeal of the trial court's partition judgement pursuant to the provisions of Rule 84 of the Texas Rules of Appellate Procedure. The dearth of case authority on the first point of error, the presentation of arguments in opposition to appellee's position, and the due diligence in the pursuit of the appeal makes the imposition of sanctions pursuant to the rule unwarranted. We overrule appellee's request for damages. The judgment of the trial court is affirmed.