**Opinion filed December 13, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00234-CV

_____

## APRIL EVE HAAS F/K/A APRIL EVE OTTO, Appellant
## V.
## MICHAEL OTTO III, Appellee

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause No. 4736**

### O P I N I O N

April Eve Haas f/k/a April Eve Otto maintained that certain community real property was not divided when the trial court entered an agreed decree of divorce; she sought an order of partition from the trial court. Her former husband, Michael Otto III, took the position that the trial court did divide the property in the agreed decree of divorce and that, therefore, the trial court had no jurisdiction over the partition claim. He filed a plea to the jurisdiction, and in it he asked the trial court to dismiss April's petition for partition. The trial court agreed with Michael and dismissed April's suit for partition. April calls upon us to examine the propriety of the trial court's dismissal. We reverse and remand.

When April and Michael divorced, the agreed decree contained the following provision:

Other Property Provisions

The parties also own other real property, whose address is 9747 Highway 67, Valera, Coleman County, Texas. 164.26 acres total = 162.17 acres (A1279 RH Overall Survey 24, Abstract #1279 + 2.09 acres (RH Overall Survey 167, Abstract 159); house, porch, added slab foundation, other improvements. The parties agree to sell the above property at the best possible price. After satisfying the mortgage, Michael Otto III agrees to pay April Eve Otto: if the sales price is $2,400.00 per acre, a lump sum payment of $80,000.00 at the time of closing and an additional $20,000.00 to be paid at $500.00 per month beginning on the 1st day of the month following the month of closing and continuing to be paid on the 1st day of every month until the amount is paid in full; if the sales price is $2,401.00-$2,500.00 per acre, a lump sum payment of $90,000.00 at the time of closing and an additional $10,000.00 to be paid at $500.00 per month beginning on the 1st day of the month following the month of closing and continuing to be paid on the 1st day of every month until the amount is paid in full; if the sales price is $2,501.00-$2,600.00 per acre, a lump sum payment of $100,000.00 at the time of closing; if the sales price is over $2,600.00 per acre, a lump sum payment of $100,000.00 at the time of closing.

Michael Otto III and April Eve Otto agree not to sell the property for less than $2,400.00 per acre unless they mutually agree to do so and put their agreement in writing and have their signatures notarized. Michael Otto III and April Eve Otto agree that Matt Gaines will list the property until it sells or the parties mutually agree to something else and put their new agreement in writing and have their signatures notarized. IT IS SO ORDERED.

The parties agree that neither Matt Gaines nor a subsequently appointed receiver was able to sell the property for $2,400 or more. After those attempts failed and after the parties failed to agree on another price, April filed this suit for partition. Upon Michael's plea to the jurisdiction and motion to dismiss, the trial court dismissed April's petition for partition.

Although April presents us with three issues on appeal, the first one is dispositive of this appeal: Did the trial court dispose of the property in dispute when it entered the agreed decree of divorce?

A plea to the jurisdiction is a dilatory one, and its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When Michael filed his plea to the jurisdiction, April bore the burden to allege facts that affirmatively showed jurisdiction in the trial court. *Tex Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Whether a trial court has

2

subject-matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). When a court decides a plea to the jurisdiction, it considers the plaintiff's pleadings and the evidence offered by the parties relevant to the jurisdictional issue. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland*, 34 S.W.3d at 554–55; *City of McKinney v. Eldorado Park, Ltd.*, 206 S.W.3d 185, 191 (Tex. App.—Eastland 2006, pet. denied).

A trial court that renders a decree of divorce retains jurisdiction to clarify and enforce property divisions contained in that decree. TEX. FAM. CODE ANN. §§ 9.002, 9.008 (West 2006). If a decree of divorce is ambiguous, the trial court that entered the decree has the power to clarify it. *Id.* §§ 9.006, 9.008. But a trial court does not have the power to "amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." *Id.* § 9.007(a). Even if a trial court incorrectly divides marital property or incorrectly characterizes it, the decree bars relitigation of the property division. *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011).

But if, in its divorce decree, a trial court fails to provide for a division of community property, the husband and wife become tenants in common or joint owners of that property. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex. 1970). Postdivorce partition is an appropriate vehicle to address an undivided or overlooked asset. *Bishop v. Bishop*, 74 S.W.3d 877, 879 (Tex. App.—San Antonio 2002, no pet.); *Mayes v. Stewart*, 11 S.W.3d 440, 448 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Res judicata does not bar such a suit for partition if the trial court did not divide the property made the subject of partition. *Id.* at 449.

Michael relies on *Bishop* for his argument that the trial court divided the 164.26-acre tract in the divorce decree and that the trial court was, therefore, without jurisdiction to partition it. *Bishop* involved a community residence. In the agreed decree of divorce, the trial court provided: husband would make all mortgage payments until a certain date; wife would make all mortgage payments after that date; the property could be sold at any time that the parties agreed upon and at a price upon which they agreed; wife had the exclusive right to possess the property; repairs and maintenance were to be paid equally by the parties, including the cost of certain

insurance; and, upon sale, the net proceeds were to be distributed in the percentages calculated in accordance with a set formula stated in the decree.

The husband filed, among other things, a motion for postdivorce division of the property or, alternatively, a motion for a clarifying order. The wife filed a plea to the jurisdiction and a motion to dismiss. She claimed that the trial court lacked jurisdiction to alter the property division as contained in the decree; the trial court agreed and dismissed that part of the husband's claim in which it addressed property issues. The court of appeals held that the trial court had made a substantive division of the community residence and did not have the power to amend, modify, alter, or change that division. *Bishop*, 74 S.W.3d at 878.

April, on the other hand, relies in part on *Ware v. Ware*, 809 S.W.2d 569 (Tex. App.—San Antonio 1991, no writ). There, the trial court entered an agreed decree of divorce. In the divorce decree, the trial court ordered that certain real property was to be placed on the market immediately at a mutually agreeable price. If the parties could not agree, then the price was to be set at the amount of a previously conducted appraisal. The trial court also provided that the wife was to have exclusive possession of the property subject to certain rights given to the husband. The decree included provisions for the distribution of the sale proceeds. Each party shared equally in the cost of taxes and insurance. *Ware*, 809 S.W.2d at 570. The husband filed a petition whereby he sought to partition and sell the property; the trial court granted that relief.

In *Ware*, the wife claimed that the action was barred by res judicata. The court of appeals disagreed and noted that the decree did not contain terms for the resolution in the event the property remained unsold at the stated appraised value. "Clearly, the disposition of the Primrose property in the event of the parties' inability to sell the property at any sale price was not adjudicated by the divorce court." *Id.* at 571.

When we examine the agreed decree in this case, we note that, except for the right to the proceeds of sale, none of the proverbial "bundle of sticks" that comprises ownership of property was divided by the trial court. There are no provisions that place the responsibility for making mortgage payments while the property remained unsold; there are no provisions by which the trial court awarded the right to possess the property; there are no provisions whereby the responsibility for repairs and maintenance were placed upon either party; neither party was required to insure and repair the property; and the trial court required neither party to pay the taxes on the property. Further, as in *Ware*, the decree contained no provision for relief in the

4

event that the parties could not sell the property. The trial court did provide for a division, on a sliding scale, of the sale proceeds—minus only the outstanding mortgage due at the time of sale—and additional sums to be paid by Michael on a monthly basis after the sale. We also note that the decree contains sections entitled "Property to Husband" and "Property to Wife." Under the heading "Property to Husband," Michael was awarded certain real property at Lake Coleman, but the 164.26 acres appears in neither of those sections. Neither is any mortgage on the 164.26 acres listed in the division-of-debts section in the decree.

We must not lose sight of the fact that this appeal is not an appeal on the merits from an order of partition, nor is it an appeal from a trial court's ruling on the contractual or other aspects of the agreed decree of divorce. This appeal is from an order by which the trial court granted a plea to the jurisdiction and dismissed April's lawsuit. In the framework of this proceeding, it was incumbent upon April to allege facts that affirmatively demonstrated that the trial court had jurisdiction. *Tex Ass'n of Bus.*, 852 S.W.2d at 446. It is now our task to accept those allegations as true and to review not only those allegations but also such evidence as may have been adduced at the hearing upon the plea. *White*, 46 S.W.3d at 868; *Bland*, 34 S.W.3d at 554–55; *City of McKinney*, 206 S.W.3d at 191.

Although a hearing was held upon the plea in abatement, it consisted of argument only, and no evidence was offered by either side. We have examined April's pleadings. We hold that, under the circumstances of this case, like *Ware* and unlike *Bishop*, those pleadings affirmatively demonstrate that the divorce court did not divide the ownership of the 164.26 acres and that April and Michael are tenants in common. April, therefore, affirmatively demonstrated that the trial court had jurisdiction of her claim. The merits of that claim might await final resolution, but the trial court has the power to hear and determine it.

Because we have held that the trial court did not divide the 164.26-acre tract of land in the decree, we need not address the remaining claims; they await final resolution on the merits. April's Issue No. 1(A) is sustained.

The judgment of the trial court is reversed, and the cause is remanded.


December 13, 2012                                JIM R. WRIGHT

Panel consists of: Wright, C.J.,                CHIEF JUSTICE
McCall, J., and Willson, J.

5