Gregory Alan BISHOP, Appellant,

v.

Shelley Lynn BISHOP, Appellee.

No. 04–01–00292–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 13, 2002.

Freddy B. Ruiz, Law Office of Freddy B. Ruiz, P.C., San Antonio, for Appellant.

Janie A. Shannon, Akin Gump, Strauss, Hauer & Feld, San Antonio, for Appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice and SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

In August 1998, the trial court signed and entered an agreed final divorce decree between Gregory Bishop and Shelley Bishop. In January 2001, Gregory filed a motion to modify the parent-child relationship and a motion for post-divorce division of property, or in the alternative, a motion for clarifying order. In response to the motions dealing with the property division, Shelley filed a plea to the jurisdiction and motion to dismiss, alleging the trial court lacked jurisdiction to alter the division of assets and liabilities contained in the divorce decree. The trial court granted the motion to dismiss for lack of jurisdiction and severed the action from the action to modify. Gregory appealed the trial court's dismissal. Because it is beyond the power of the divorce court to amend, modify, alter or change the substantive division of property, we affirm. *See* TEX. FAM.CODE ANN. § 9.007 (Vernon 1998).

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action based on lack of subject matter jurisdiction without regard to the merits of the claim. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plaintiff bears the burden of alleging facts that affirmatively show the trial court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

## DISCUSSION

Gregory asserts the trial court had jurisdiction over his partition claim because the decree did not divide the community residence between himself and Shelley, Shelley no longer lives in the house and has since moved to Missouri, and the house has been vacant or leased by Shelley since December 1, 2000. He contends the decree is ambiguous because it does not indicate a date certain on which the house is to be sold, or envision Shelley receiving rental income from the property while he remains obligated to make the mortgage payments. Because of these and other alleged ambiguities, Gregory concludes the decree cannot be enforced by contempt, and the trial court had jurisdiction to resolve the ambiguities by issuing a clarifying order. Gregory also asserts he and Shelley are cotenants in the house and he did not waive his right to partition; therefore, the court had jurisdiction to order the sale or partition of the house under Prop-

erty Code section 23.001, which provides that joint owners may compel a partition of property among the joint owners. TEX. PROP.CODE ANN. § 23.001 (Vernon 2000).

In a divorce, a trial court shall divide the parties' marital estate in a manner that the court determines is just and right, having regard for the rights of each party and any children of the marriage. TEX. FAM.CODE ANN. § 7.001 (Vernon 1998). Once the marital estate is divided, "[a] court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property." *Id.* § 9.007(a). An order that amends, modifies, alters, or changes the division of property made or approved in a final decree of divorce is beyond the trial court's power and is unenforceable. *Id.* § 9.007(b). However, if a court finds that the original form of the division of property is ambiguous or not specific enough to be enforceable by contempt, the court may enter a clarifying order to enforce compliance with the way the property was originally divided. *See id.* §§ 9.006(a), 9.008(b).

■ After entry of a divorce decree, if the trial court did not dispose of all community property, the former spouses become cotenants or joint owners of the property. *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970); *Burgess v. Easley,* 893 S.W.2d 87, 90 (Tex.App.-Dallas 1994, no writ). The proper method for addressing an undivided or overlooked asset is a partition suit. *Wilde v. Murchie,* 949 S.W.2d 331, 332 (Tex.1997); *Busby,* 457 S.W.2d at 554–55; *Burgess,* 893 S.W.2d at 90. In a post-divorce partition suit, the court has the power to divide the undivided property in a manner that it deems just and right. TEX. FAM.CODE ANN. § 9.203(a)

(Vernon 1998); TEX. PROP.CODE ANN. 23.001 (Vernon 2000).

The divorce decree provided that Gregory would make all mortgage payments until May 20, 2002, and Shelley would make all mortgage payments after May 20, 2002. In a separate section entitled "Provisions Dealing with Sale of Residence," the decree provided as follows:

1. The property can be sold at any time mutually agreed to by the parties and for a price mutually agreeable to [Gregory and Shelly].

2. [Shelley] shall have the exclusive right to enjoy the use and possession of the premises. All maintenance and repairs necessary to keep the property in its present condition shall be paid equally (50/50) by the parties, including but not limited to the insurance policy covering breakdown and repairs of certain items in the house.

3. The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed as follows:

At any time from May 20, 1998 until May 20, 2006 any net sales proceeds shall be distributed equally (50/50).

After May 20, 2006 net sales proceeds shall be divided proportionately to the amount of years paid of the mortgage by each party after May 20, 1998. For example, if the house was sold in August of 2010 the proportion would be 4/12 (33 1/3%) for [Gregory] and 8/12 (66 1/6%) for [Shelley].

■ Because the decree was agreed to by both Gregory and Shelley, its construction is governed by the law of contracts. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986). When construing an agreement incident to divorce, a court must look to the intentions of the parties as they are

manifested in the written agreement. *Soto v. Soto*, 936 S.W.2d 338, 341 (Tex. App.-El Paso 1996, no writ). Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered. *Columbia Gas Trans. Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996); *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex.1983). A contract is not ambiguous if it can be given a definite or certain meaning as a matter of law. *Columbia Gas*, 940 S.W.2d at 589; *Coker*, 650 S.W.2d at 393.

 We hold that the decree disposed of the residence. The decree disposed of the house by: (1) awarding Shelley the exclusive right to enjoy the use and possession of the premises; (2) providing for the sale of the house at a mutually agreed upon time and price; and (3) providing for a distribution of the net proceeds to Shelley and Gregory depending on the year of the sale or on the amount of years paid on the mortgage by each of the parties. We also hold that the decree is not ambiguous. The decree does not require an immediate sale and, in fact, contemplates years before a sale will occur. A change in the circumstances of the parties after the divorce does not create an ambiguity. Because the decree disposes of the residence and the provisions of the decree dealing with the residence are not ambiguous, the trial court did not have the power to change, amend, modify or alter the decree.

We affirm the trial court's judgment.