Opinion issued June 2, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00436-CV




MARILU ELLIS, Appellant

V.

HERBERT J. ZIEBEN, Appellee




On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2003-13857




MEMORANDUM OPINION
          Marilu Ellis, appellant and plaintiff in the trial court, appeals the trial court’s
order awarding her the sum of $500 in a post-divorce partition action regarding
undivided community property, consisting of shares in H.J.Z., Inc., a corporation
formed by her husband a few months before she petitioned for divorce. Appellant
presents the following three issues on appeal: (1) that the evidence was legally and
factually insufficient to support two of the trial court’s findings of fact, (2) that
appellee Zieben failed to present clear and convincing evidence tracing the separate
property that he contributed to H.J.Z., Inc. after the divorce, and (3) that the trial
court’s “wrongful characterization and valuation” of appellant’s interest in H.J.Z.,
Inc. rendered the partition award “something other than just and right.” We affirm.
BACKGROUND
          The facts of this case are uncontested. On December 20, 1989, appellant and
appellee, Herbert J. Zieben were divorced by a decree that granted Zieben a 100%
interest in the general partnerships known as Kitty Hawk Landing Apartments II
(“Kitty Hawk II”) and Kitty Hawk Landing Apartments III (“Kitty Hawk III”) and in
two Texas corporations named Haverstock Hill II, Inc. (“Haverstock II”) and
Haverstock Hill III, Inc. (“Haverstock III”) (jointly, “the Haverstock corporations”). 
The divorce decree did not partition the community interest in H.J.Z., Inc., which was
formed by Zieben during the marriage on March 21, 1989, but had no assets of any
value until after the divorce decree was granted.
          On December 21, 1990, after the divorce decree was granted, Zieben
transferred the real property assets of Kitty Hawk II to Haverstock II, and the real
property assets of Kitty Hawk III to Haverstock III. All of these entities, and through
these entities the real property assets conveyed, were the separate property of Zieben
pursuant to the divorce decree and were solely owned by him. However, in
September 1992, although he had no recorded interest in the real property assets of
these corporations, Zieben executed deeds purporting to transfer these real property
assets from himself, and not from the Haverstock corporations, as grantor to H.J.Z.,
Inc. At the time of this transfer, H.J.Z., Inc., which had been community property
during the marriage, remained unpartitioned property. 
          On March 10, 1998, Zieben filed affidavits in the real property records of the
Harris County Clerk’s office. In these affidavits, he swore that articles of dissolution
formally dissolving the Haverstock corporations had been filed on June 21, 1991 with
the Texas Secretary of State. Zieben also swore that he was the “sole owner of the
corporation[s] on the date of dissolution” and that he, individually, was the owner of
the real property assets beginning June 21, 1991. 
          On April 26, 2000, Zieben sold the real property assets to Commonwealth
Texas (Haverstock and Coolwood), L.L.C. (“Commonwealth”). At the closing on
these conveyances, Zieben, Commonwealth, and the U.S. Department of Housing and
Urban Development (“HUD”) entered into an agreement to hold $1.95 million of the
sale proceeds in escrow. The escrow agreement recited that Zieben and H.J.Z., Inc.
were the sellers “as their interest may appear.” The recited purpose of the escrow
agreement was to establish a fund that would be sufficient to satisfy a “dispute
between Zieben and HUD that is capped at no greater an amount than
$1,950,000.00.”



          On March 17, 2003, appellant filed suit against Zieben, claiming damages “in
excess of $1,950,000.00” and seeking a division of the shares of H.J.Z., Inc. The trial
court awarded Zieben all 1,000 shares of H.J.Z., Inc. and awarded appellant $500 for
her equitable interest in H.J.Z., Inc.
DISCUSSION
          In her first issue, appellant challenges the legal and factual sufficiency of the
evidence to support the following findings of fact made by the trial court:
8.       Except for the post-divorce efforts of Herbert Zeiben [sic] and the
post-divorce addition of property awarded to Herbert Zieben under
the final decree, the 1000 shares of HJZ, Inc. stock never had a fair
market value in excess of $1,000.
 
9.       Any post-divorce increase in the value of the 1000 shares of HJZ,
Inc. stock owned by Herbert Zeiben [sic] at the time of the divorce
was solely attributable to his post-divorce efforts and his post-divorce transfer to HJZ, Inc. of property awarded to him in the
divorce decree.
 
          The appellant must challenge the sufficiency of the trial court’s findings in its
issues on appeal, or the findings will be binding on the appellate court. IKB Indus.
(Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex. 1997). If the appellant
challenges the findings in its issues, the appellate court will review the legal and
factual sufficiency of the evidence to support the findings in the same manner it
reviews a jury’s findings in a jury trial. Tierra Sol Joint Venture v. City of El Paso,
155 S.W.3d 503, 507 (Tex. App.—El Paso 2004, pet. denied.); State Bar of Texas v.
Roberts, 723 S.W.2d 233, 235 (Tex. App.—Houston [1st Dist.] 1986, no writ). In
reviewing the legal sufficiency of the evidence, the court can consider only the
evidence and inferences that tend to support the finding and must disregard all
evidence and inferences to the contrary. Weirich v. Weirich, 833 S.W.2d 942, 945
(Tex. 1992). In reviewing the factual sufficiency of the evidence, the court must
consider all evidence in the record, both in support of, and contrary to, the finding. 
Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805 (Tex. 1986). 
          The assets transferred to H.J.Z., Inc. were awarded in the divorce decree to
Zieben as his separate property. H.J.Z., Inc. had no assets prior to the divorce, and
appellant contributed nothing to H.J.Z., Inc. either before or after the divorce. 
Because these facts are uncontested, they are legally and factually sufficient to support
the trial court’s findings of fact Nos. 8 and 9. We overrule appellant’s first issue.In her second issue, appellant argues that Zieben did not meet his burden of
tracing the assets as Zieben’s separate property by clear and convincing evidence. 
Appellant does not cite any authority to support her contention that such tracing or
evidentiary standard is required in a post-divorce division of property. In a
post-divorce partition suit, the court has the power to divide the undivided property
in a manner that it deems just and right. Tex. Fam. Code Ann. § 9.203(a) (Vernon
1998); see also Bishop v. Bishop, 74 S.W.3d 877, 879 (Tex. App.—San Antonio 2002,
no pet.). The trial court was required only to consider “the rights of the parties and any
children of the marriage” in making a division of the jointly-owned property that it
deemed just and right. Tex. Fam. Code Ann. § 9.203(a); see also Bishop, 74 S.W.3d
at 879. We overrule appellant’s second issue.
          In her third issue, appellant argues that the trial court abused its discretion by
dividing the property in a manner not just and right because the trial court 
mischaracterized H.J.Z., Inc. as something other than a community asset and under-valued appellant’s interest in H.J.Z., Inc.
          After entry of a divorce decree, if the trial court did not dispose of all
community property, the former spouses become co-tenants or joint owners of the
property. Busby v. Busby, 457 S.W.2d 551, 554 (Tex. 1970); Burgess v. Easley, 893
S.W.2d 87, 90 (Tex. App.—Dallas 1994, no writ). In this circumstance, the trial court
has the power to make a just and right division and is not bound by a presumption that
it is to make an equal division. In re Marriage of Moore, 890 S.W.2d 821, 840 (Tex.
App.—Amarillo 1994, no pet.). 
          In a post-divorce partition suit, an unequal division should not be disturbed
absent a showing that the division was so disproportionate, unjust, and unfair, that it
was a clear abuse of discretion. In re Marriage of Notash, 118 S.W.3d 868, 874 (Tex.
App.—Texarkana 2003, no pet.). The test for abuse of discretion is whether the trial
court acted without reference to any guiding rules or principles; in other words,
whether the act was arbitrary or unreasonable. Mai v. Mai, 853 S.W.2d 615, 618 (Tex.
App.—Houston [1st Dist.] 1993, no pet.). 
          Contrary to appellant’s assertion, the trial court did not mischaracterize the
undivided property; rather, it correctly concluded that, after the divorce, appellant and
Zieben “owned the 1000 shares of HJZ, Inc. as joint owners.”


 See Busby, 457 S.W.2d
at 554; Bishop, 74 S.W.3d at 879. Because the record supports the trial court’s finding
that any increase in the value of H.J.Z., Inc. in excess of $1,000 was attributable
entirely to the post-divorce efforts of Zieben, it follows that an award to appellant of
one-half of what was the community value of H.J.Z., Inc. as it existed at the time of
the divorce is just and right. 
          We hold that the trial court did not abuse its discretion in finding (1) that the
value of H.J.Z., Inc. as community property did not exceed $1,000, (2) that the post-divorce increase in value was due entirely to the post-divorce efforts of Zieben, and
(3) that award of the 1000 shares of H.J.Z., Inc. stock to Zieben and the award of $500
to appellant was a just and right division of the asset. We further hold that the trial
court correctly concluded that the property division was just and right. We overrule
appellant’s third issue.
                                                     CONCLUSION
          We affirm the trial court’s judgment. 
 
 
                                                             Sam Nuchia
 Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.