Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00516-CV

Pablo **TORRES**,
Appellant

v.

Adriana **SIERRA**,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2006-CVH-002204-C1
Honorable Alvino Ben Morales, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:   February 11, 2009

AFFIRMED

    Pablo Torres appeals the trial court's order granting Adriana Sierra's motion for contempt, sanctions, and attorneys fees. Torres contends that the trial court's order erroneously altered the division of property made in the parties' final decree of divorce and divested him of title to property that he was awarded in the decree. We affirm the trial court's order.

**BACKGROUND**

In December of 2006, Sierra filed a petition for divorce, and Torres subsequently filed a counter-petition for divorce. On April 2, 2007, the parties filed an agreement incident to the divorce containing a division of the marital estate. With regard to the property in question, the agreement provided:

> Assets to Pablo Torres
> The husband, Pablo Torres, is to receive the following as his sole and separate property, and shall own, possess, and enjoy that property, and Adriana Sierra partitions, quitclaims, assigns and conveys to Pablo Torres the following property:
> H-1. An undivided 100 percent interest in the following property, subject to the Operating Trust Agreement for Jointly Owned Property after Divorce signed in accordance with the terms of this agreement (upon payment of $70,000.00 to petitioner). Upon payment, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:
> Legal Description: Lot 39, Block 03, Sonterra De San Isidro Unit III, Webb County, Texas
> Otherwise known as: 1512 Serene Drive, Laredo, Texas 78045

The agreement contemplated the sale of the property by awarding Sierra $70,000.00 to be paid by Torres "on the day of divorce or closing whichever is later." The final divorce decree approved the agreement and incorporated it by reference; however, the decree required all of the terms of the agreement, including the payment of monies from one party to another, to be performed by October 2, 2007, possibly due to the length of time that had already lapsed between the date the agreement was signed (April 2, 2007) and the date the decree was signed (September 11, 2007).

On October 31, 2007, Sierra filed a motion for contempt, sanctions, and attorneys fees, asserting that Torres had failed to pay her the $70,000.00 awarded to her. Sierra requested that the trial court order the sale of the property at 1512 Serene Drive (the "Property") as a sanction so that Sierra could receive her $70,000.00 to the extent the sales proceeds yielded that amount. The order

granting Sierra's motion, which was signed on March 27, 2008, stated that the case was announced on the court's docket on February 13, 2008 and was subsequently set for status on March 10, 2008, and again on March 25, 2008. The clerk's record contains a notice of reset on the court's own motion, stating that the case was reset to March 10, 2008, on the "STATUS AS TO BANK LOAN TO THE RESPONDENT PABLO TORRES." The notice further stated that if "no bank loan [was] approved for the Respondent Pablo Torres; then" the court would hear Sierra's motion on March 25, 2008.

The trial court's order awards Sierra the Property "for the purpose of placing the home on the real estate market for immediate sale." The order further awards Sierra the first $95,000.00 from the sales proceeds, which included the $70,000.00 payment plus sanctions. After the payment to Sierra, a portion of the sales proceeds was ordered to be used to pay two outstanding loans, and the remaining balance of the sales proceeds was ordered to be paid to Torres. Torres timely appealed the trial court's order.

## DISCUSSION

Although Torres agrees that a trial court has the authority to enforce the division of property made in a decree, Torres contends that the trial court's order in this case erroneously amended, modified, altered, or changed the division of property in the decree in violation of section 9.007(a) of the Texas Family Code. *Compare* TEX. FAM. CODE ANN. § 9.006 (Vernon 2006) (authorizing trial court to enter orders enforcing, assisting in implementation of, or clarifying divorce decree), *with* TEX. FAM. CODE ANN. § 9.007(a) (Vernon 2006) (prohibiting trial court from amending, modifying, altering, or changing decree). Torres argues that the trial court's order divested him of the title to the Property. We disagree.

The Texas Family Code allows the parties to a divorce to enter into a written agreement concerning the division of property. TEX. FAM. CODE ANN. § 7.006(a) (Vernon 2006). When an agreement executed by the parties is incorporated into a divorce decree, the parties are bound by the agreement which is interpreted under general contract law. *Schwartz v. Schwartz*, 247 S.W.3d 804, 806 (Tex. App.—Dallas 2008, no pet.); *Bishop v. Bishop*, 74 S.W.3d 877, 879 (Tex. App.—San Antonio 2002, no pet.). When construing such an agreement, the court must look to the parties' intentions as they are manifested in the written agreement. *Bishop*, 74 S.W.3d at 879-80.

Torres argues that the divorce decree awarded him 100 percent ownership of the Property; therefore, the subsequent order awarding the Property to Sierra and transferring title to her was an alteration of or change to the decree. Sierra counters that the award of ownership to Torres was conditioned upon his timely payment of $70,000.00 to Sierra.

In interpreting whether the payment to Sierra was a condition precedent to Torres's right to ownership of the Property, we look to general principles of contract interpretation. *Progressive County Mut. Ins. Co. v. Trevino*, 202 S.W.3d 811, 814 (Tex. App.—San Antonio 2006, pet. denied). Whether a certain contractual provision contains a condition precedent "must be gathered from the contract as a whole and from the intent of the parties." *Id*. at 815.

In this case, the award of the Property was expressly made subject to "the Operating Trust Agreement for Jointly Owned Property after Divorce signed in accordance with the terms of this agreement (upon payment of $70,000.00 to petitioner)." Although it does not appear that an Operating Trust Agreement was signed, this provision of the parties' agreement contemplates the joint ownership of the Property until Sierra was paid. Moreover, the agreement expressly conditions Torres's right to receive the title and closing documents to the Property upon his payment of the

$70,000.000. *See Roberts v. Clark*, 188 S.W.3d 204, 210-11 (Tex. App.—Tyler 2002, pet. denied) (concluding payment was a condition precedent to delivery of title documents). Because Torres failed to satisfy the condition precedent, title to the Property never vested in him. *See Continental Oil Co. v. Lane Wood & Co.*, 443 S.W.2d 698, 702 (Tex. 1969) (noting where delivery is conditioned on payment, title does not pass absent the payment); *Weekley Homes, Inc. v. Jennings*, 936 S.W.2d 16, 18 (Tex. App.—San Antonio 1996, writ denied) (noting party not entitled to compel rights absent fulfillment of condition precedent). Accordingly, the trial court's order awarding the Property to Sierra for the sole purpose of placing the home on the real estate market for immediate sale did not change or alter the decree or divest Torres of his interest in the Property.

## CONCLUSION

The trial court's order is affirmed.

Phylis J. Speedlin, Justice