•            •           • 
 • • •




 


MEMORANDUM OPINION

No. 04-08-00627-CV

Monica NOYES,
Appellant

v.

George Carl NOYES,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 06-09-0492-CVW
Honorable Donna S. Rayes, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed: August 12, 2009

REVERSED AND REMANDED
            Monica Noyes appeals from the trial court’s granting of George Carl Noyes’s plea to the
jurisdiction and dismissing her motion to enforce for lack of jurisdiction. We reverse and remand.
Background
            Monica and George Carl Noyes were divorced on May 8, 2007. The final decree of divorce
was signed by the trial court after Monica and George had agreed to a mediated settlement
agreement. By the terms of the decree, the mediated settlement agreement merged into the decree.
Further, the decree states that it is enforceable as a contract.
            According to the decree, George was “awarded the following as his sole and separate
property, and the wife is divested of all right, title, interest, and claim in and to that property:”
            (1)       a home located at 146 Lakeview Road, Rockport, Texas;
            (2)       a home located at 1423 Meadow Glen, Adkins, Texas, with the
following legal description: “Lots 265 and 266, Unit IV, Whispering
Oaks Subdivision, Wilson County, Texas”;
 
            (3)       all household furniture, furnishings, fixtures, goods, art objects,
collectibles, appliances, and equipment within his possession or
subject to his sole control;
 
            (4)       all clothing, jewelry, and other personal effects in his possession or
subject to his sole control;
 
            (5)       all sums of cash in his possession or subject to his sole control;
 
            (6)       50% of his retirement benefits in Tim Smoot Electric 401(K), arising
out of his employment with Tim Smoot as of May 2, 2007;
 
            (7)       all policies of life insurance insuring his life;
 
            (8)       all brokerage accounts, stocks, bonds, mutual funds, and securities
registered in his name;
 
            (9)       a 1986 Fleetwood Bounder motor home vehicle;
            (10)     a 2002 horse trailer;
            (11)     a 2002 Mahindra tractor; 
            (12)     a 2003 flatbed trailer;
            (13)     a 1997 Proline 2700/Galv trailer;
            (14)     a 1992 Freightliner with 1973 Lufkin motor vehicle;
            (15)     a 1984 Wellcraft Scarab III vehicle;
            (16)     a 2005 Explorer vehicle;
            (17)     a 1992 S & H horse vehicle;
            (18)     a 1973 Lufkin trailer vehicle;
            (19)     a 1985 Yamaha D100;
            (20)     a 1985 Suzuki Samurai vehicle;
            (21)     a 1985 White Freightliner vehicle;
            (22)     a 1978 Lufkin trailer vehicle;
            (23)     a 2005 McClain boat;
            (24)     the stock and any other interest in the business known as Master
Marine Inc., including but not limited to all furniture, fixtures,
machinery, equipment, inventory, cash, receivables, accounts, goods,
and supplies; all personal property used in connection with the
operation of the business; and all rights and privileges, past, present,
or future, arising out of or in connection with the operation of the
business;
 
            (25)     the business known as GCN Trucking, including but not limited to all
furniture, fixtures, machinery, equipment, inventory, cash,
receivables, accounts, goods, and supplies; all personal property used
in connection with the operation of the business; and all rights and
privileges, past, present, or future, arising out of or in connection with
the operation of the business; and
 
            (26)     a 2007 Chevrolet Corvette.
            Monica was “awarded the following as her sole and separate property, and the husband is
divested of all right, title, interest, and claim and in and to that property:”
            (1)       real property described as “Lot 264, Unit IV, Whispering Oaks
Subdivision, Wilson County”;
 
            (2)       all household furniture, furnishings, fixtures, goods, art objects,
collectibles, appliances, and equipment in her possession or subject
to her sole control;
 
            (3)       all clothing, jewelry, and other personal effects in her possession or
subject to her sole control;
 
            (4)       all sums of cash in her possession or subject to her sole control;
 
            (5)       50% of George’s retirement benefits in Tim Smoot Electric 401(K),
arising out of George’s employment with Tim Smoot as of May 2,
2007; 
 
            (6)       a 2004 Chevrolet Tahoe;
 
            (7)       $15,000, which was paid and accepted on May 4, 2007, and $10,000
payable by George on the date the trial court signed the decree; and 
 
            (8)       “$125,000 which is due by George Carl Noyes to Monica Noyes on
the day he closes on the house located at: Lot 265, Unit IV,
Whispering Oaks Subdivision, Wilson County, Texas. The same shall
carry 7% interest on any monies remaining unpaid from and after
November 1, 2007.”
 
            (9)       “Husband shall reimburse Ms. Noyes 1/2 of mon[]ies refunded by
Bill Tiller and furnish to wife copies of any and all documents
supplied to him by Bill Tiller.”




            The decree also ordered George to appear at Monica’s lawyer’s office on July 1, 2007, and
execute a special warranty deed for the property awarded to Monica. Similarly, Monica was ordered
to appear at George’s attorney’s office and execute a special warranty deed for the property awarded
to George.
            Finally, the “Court expressly reserve[d] the right to make orders necessary to clarify and
enforce this decree.” 
            In February 2008, Monica filed a petition to enforce the decree, or in the alternative, to clarify
the decree. In her amended petition, filed on April 21, 2008, Monica requested that the trial court
enforce the divorce decree, alleging that George had failed to comply with the divorce decree
because he had failed to sell the home located at Lot 265, Unit IV, Whispering Oaks Subdivision,
Wilson County, Texas, and had failed to pay her $125,000 plus interest due. In the alternative, if the
trial court considered the terms of the decree to not be sufficiently specific to enforce, Monica asked
the trial court to clarify the terms of the decree by including language that the home be kept in “show
condition,” that the yard be maintained, that the home be vacant, that the house be listed at fair
market value, that any reasonable offer be accepted, and that the home be placed into receivership
and sold by the receiver. Monica also alleged that George had failed to give Monica copies of all
documents given to him by Bill Tiller as ordered in the decree. 
            In response, George filed a plea to the jurisdiction, claiming that the trial court had no
jurisdiction to modify the decree. After a hearing on George’s plea to the jurisdiction, the trial court
found that the decree is unambiguous and granted the plea to the jurisdiction. The trial court then
entered findings of facts and conclusions of law. In its findings of fact, the trial court stated that “[n]o
testimony or documentary evidence was presented by [Monica Noyes] or [George Noyes].” The trial
court then made the following conclusions of law:
            1.         In the absence of an ambiguity, this court has no jurisdiction to enter
a clarifying order.
 
            2.         The court has no authority to change, amend, modify, or alter the
decree absent an ambiguity.
 
            3.         The divorce decree is not ambiguous, and therefore this court is
without jurisdiction.
 
            4.         The divorce decree disposed of all right, title, and interest in the
property involved.
 
            5.         Absent an allegation of a statutory or common law ground to vacate
an arbitrator’s award, a court is without jurisdiction to review the
award.
 
            6.         Petitioner Monica Noyes bears the burden of alleging facts that
affirmatively show the trial court has subject matter jurisdiction. 
 
Motion to Enforce Decree/Plea to the Jurisdiction
            On appeal, Monica argues that the trial court erred in granting George’s plea to the
jurisdiction and dismissing her petition for lack of jurisdiction. A plea to the jurisdiction is a dilatory
plea, the purpose of which is to defeat a cause of action based on lack of subject matter jurisdiction
without regard to the merits of the claim. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). The plaintiff bears the burden of alleging facts that affirmatively show the trial court has
subject matter jurisdiction. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993). Because the question of subject matter jurisdiction is a legal question, we review the trial
court’s ruling on a plea to the jurisdiction under a de novo standard of review. See Mayhew v. Town
of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).
            A court that renders the decree of divorce retains the power to enforce the property division.
See Tex. Fam. Code Ann. § 9.002 (Vernon 2006). Pursuant to the Family Code, a court may render
further orders to enforce the division of property made in the decree of divorce to assist in the
implementation of or to clarify the prior order. See id. § 9.006(a) (emphasis added).


 However, a
court may not amend, modify, alter, or change the division of property made or approved in the
decree of divorce. See id. § 9.007(a). Here, Monica argues that in her petition, she was requesting
that the trial court enforce or clarify the property division made in the decree. In contrast, George
argues that Monica was asking that the court modify the property division made in the decree. 
            First, we note that the divorce decree specifically states the following: 
The Court finds that the parties have entered into a written agreement as contained
in this decree by virtue of having approved this decree as to both form and substance.
To the extent permitted by law, the parties stipulate the agreement is enforceable as
a contract.

Thus, the construction of the decree is governed by the law of contracts. See Bishop v. Bishop, 74
S.W.3d 877, 879 (Tex. App.—San Antonio 2002, no pet.) (explaining that because the decree was
agreed to by both parties, its construction is governed by law of contracts). When construing an
agreement incident to divorce, we must look to the intentions of the parties as they are manifested
in the written agreement. Id. at 879-80. If a contract is unambiguous, we will give effect to the
intention of the parties as expressed in the agreement. Chandler v. Chandler, 991 S.W.2d 367, 396
(Tex. App.—El Paso 1999, pet. denied). We must make every attempt to harmonize all the
provisions within the agreement, and each provision must be considered with reference to the whole
agreement. Id. 
            Second, we note that under the section titled “Property to Wife,” the decree states the
following:
IT IS ORDERED AND DECREED that the wife, MONICA NOYES, is awarded the
following as her sole and separate property, and the husband is divested of all right,
title, interest and claim in and to that property: . . .
 
W-8$125,000.00 Which is due by GEORGE CARL NOYES to
MONICA NOYES on the day he closes on the house located at: Lot
265, Unit IV, Whispering Oaks Subdivision, Wilson County, TX. The
same shall carry 7% interest on any monies remaining unpaid from
and after November 1, 2007.

(emphasis added). Monica argues that this provision of the decree is missing the time by which
George must sell the house in order to trigger her payment of $125,000. George responds that he is
not required to pay Monica $125,000 until he decides to sell his home. Thus, George is arguing that
the decree did not order him to sell his home in order to pay Monica $125,000, but only that “in the
event” he sold his home, he would have to pay Monica $125,000.



            In reviewing the decree as a whole, it is clear that the $125,000 payment awarded to Monica
was a substantial portion of her settlement and that “on the day he closes on the house” contemplated
that the house in question would be sold. Thus, we do not find George’s argument that the provision
was an “in the event” clause persuasive.


 
            Third, generally, where no time of performance is stated in a contract, the law will imply a
reasonable time. Edmonds v. Gray, No. 12-07-00258-CV, 2008 WL 541673, at *6 (Tex.
App.—Tyler 2008, no pet.); Cherco Props., Inc. v. Law, Snakard & Gambill, 985 S.W.2d 262, 266
(Tex. App.—Fort Worth 1999, no pet.). Here, even though the decree did not specifically state a date
by which George was required to close on the home and pay Monica $125,000, the law implies a
reasonable time for George to do so within the decree. Thus, Monica’s request that the trial court
enforce the decree because George had not sold the house and paid her $125,000 within a reasonable
amount of time was within the court’s jurisdiction. In asking that the trial court enforce the decree’s
requirement that George sell the house and pay her $125,000 within a reasonable period of time,
Monica was seeking enforcement, not a modification of the decree’s division of property.
            What is reasonable depends on the facts and circumstances as they existed at the date of the
contract. Edmonds, 2008 WL 541673, at *6; Cherco, 985 S.W.2d at 266. Factors include the nature
and character of the action and the difficulty of accomplishing it, as well as the purpose of the
agreement. Edmonds, 2008 WL 541673, at *6; Pearcy v. Envtl. Conservancy of Austin & Cent. Tex.,
Inc., 814 S.W.2d 243, 246 (Tex. App.—Austin 1991, writ denied). Where the material facts are
undisputed, the question of what is a reasonable time is a matter of law. Edmonds, 2008 WL 541673,
at *6; Pearcy, 814 S.W.2d at 246.
            Thus, in Edmonds v. Gray, where the divorce decree ordered a property to be sold but failed
to give a timetable for the sale of the property, the Tyler Court of Appeals implied a reasonable time.
Edmonds, 2008 WL 541673, at *6. In determining what time is reasonable, the court examined the
relevant facts and circumstances on the date of the divorce decree, the purpose of the agreement, the
nature and character of selling the property, and the difficulty in accomplishing the sale. Id. Here,
of course, no such facts were developed below because the trial court was of the opinion that it did
not have jurisdiction.


 
            In her petition to enforce, Monica also claimed that George had not given her a copy of all
documents provided to George by Bill Tiller as ordered in the decree. The trial court clearly had
subject matter jurisdiction to enforce the decree’s provision that George give Monica a copy of all
documents provided to him by Bill Tiller. Thus, the trial court had jurisdiction to consider whether
George had complied with this provision of the decree. 
            Finally, in his brief, George requests that we award him damages because Monica has filed
a frivolous appeal. We deny his request.
Conclusion
            We reverse the trial court’s order granting the plea to the jurisdiction and remand the cause
to the trial court for proceedings consistent with this opinion.
                                                                                                Karen Angelini, Justice