



## MEMORANDUM OPINION

No. 04-10-00402-CV

Dawn M. **JOURDAN**,
Appellant

v.

Michael K. **JOURDAN**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2000-CI-15410
Honorable Gloria Saldana, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  May 11, 2011

AFFIRMED

This is a post-divorce proceeding to enforce an agreement incident to divorce between appellant Dawn Jourdan ("Dawn") and appellee Michael Jourdan ("Michael"). The agreement was incorporated into an agreed divorce decree and provided for the payment of contractual alimony. *See* TEX. FAM. CODE ANN. § 7.006(a) (West 2006) (allowing divorcing parties to enter into written agreements concerning support and maintenance). After a nonjury trial, the trial court denied Dawn's motion to enforce the agreement and granted Michael an offset for

overpayments, as well as attorney's fees. On appeal, Dawn contends the trial court erred in denying her motion for enforcement of spousal maintenance and granting Michael's claims for offset and credit. She also argues it was error for the court to award Michael attorney's fees. We affirm.

## BACKGROUND

Dawn and Michael married in 1985 and divorced in June 2001. They signed an agreement incident to divorce, which was incorporated into a decree of divorce approved by the trial court and signed on June 20, 2001. As part of the agreement, Michael agreed to pay Dawn contractual alimony in the form of: (1) $3,500 per month, decreasing over time for twelve years for a total of $318,000; and (2) payments to Chase Bank for the mortgage payment on the residence awarded to Dawn until the note balance of $256,173.00 was paid in full.

The divorce decree provides that Dawn "shall pay . . . [a]ny and all debts, charges, liabilities and other obligations . . . related to property awarded to [her]." It also states that in the event the mortgage payment increased or decreased because of ordinary market fluctuations, Michael would pay the amount indicated on the annual escrow statements. With the exception of the escrow statement for the first year after the divorce, and in violation of the agreement and decree, Dawn did not furnish Michael with copies of the annual escrow statements.

Michael subsequently learned he was not receiving credit for the full amount he thought was being applied to the mortgage-payment component of the contractual alimony. In the spring of 2008, Michael learned Dawn was not paying the property taxes or the homeowner's insurance. As a result, he stopped making the monthly cash contractual alimony payments. Michael's cessation of payments prompted Dawn to file a motion to enforce the decree and the agreement incident to divorce. Michael filed an answer and counterclaim in which he denied Dawn's

claims, and sought an offset or credit for refunds of escrow balances that were wrongfully paid to Dawn. He also requested attorney's fees.

On February 22, 2010, the trial court denied Dawn's motion to enforce and granted Michael an offset in the amount of $117,693.89. Michael applied this credit to the $75,000 remaining balance on the cash-payment component of the contractual alimony obligation, which resulted in Dawn owing Michael $42,693.89, in addition to the $19,226.18 attorney's fees that the trial court awarded to Michael. The trial court then allowed $61,920.09 ($42,693.89 plus $19,226.18) as an offset against Michael's mortgage-balance obligation of $131,878.24 (as of January 10, 2010). This left a balance of $69,958.17, which Michael is still obligated to pay.

Dawn filed a motion for new trial on March 23, 2010. She also requested findings of fact and conclusions of law, but these were not timely filed. *See* TEX. R. CIV. P. 296 (noting that parties may request court to state in writing its findings of fact and conclusions of law and such request shall be filed twenty days after judgment is signed). The notice of past-due findings was not timely filed. *See* TEX. R. CIV. P. 297 (noting that party must file notice within thirty days after filing original request for findings of fact if court fails to file timely findings of fact and conclusions of law). Dawn appeals the trial court's ruling.

## DISCUSSION

A marital property agreement incorporated into a final divorce decree is treated as a contract and its legal force and meaning are governed by the law of contracts, not by the law of judgments. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986). Moreover, an agreed judgment is also covered by the law of contracts. *Bishop v. Bishop*, 74 S.W.3d 877, 879 (Tex. App.—San Antonio 2002, no pet.).

Under the law of contracts, in construing an agreement incident to divorce, a court must look to the intentions of the parties as manifested in the written agreement. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003); *Bishop*, 74 S.W.3d at 879–80. Whether a contract is ambiguous is a question of law that we review de novo. *MCI Telecomm. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 650 (Tex. 1999). A contract is not ambiguous if it can be given a definite or certain meaning as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983); *Bishop*, 74 S.W.3d at 880. This query for ambiguity must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered. *Bishop*, 74 S.W.3d at 880 (citing *Columbia Gas Trans. Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996); *Coker*, 650 S.W.2d at 394). We consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement. *Webster*, 128 S.W.3d at 229.

The decree in this case is enforceable both as a contract and as an agreed judgment. *See Allen*, 717 S.W.2d at 313; *Bishop*, 74 S.W.3d at 879. Neither party has pled ambiguity, and in fact, both parties stipulated the agreement was unambiguous. However, Dawn argues that according to the terms of the agreement and the decree, Michael agreed to make the mortgage payments described in the note, and this included an obligation to pay property taxes and homeowner's insurance. Michael contends he was only required to pay the mortgage.

The agreement provides that Michael shall make the mortgage payments in accordance with the terms of the existing real estate lien note:

"Michael K. Jourdan will pay for the benefit of Dawn M. Jourdan the [mortgage] . . . in accordance with the terms of the existing real estate lien note."

The only mortgage payments required under the note are monthly principal and interest in the amount of $2,123.38:

"[Borrower] will pay principal and interest by making payments every month. . . .
[] monthly payment will be in the amount of U.S $ 2,123.38."

The agreement clearly provides only for mortgage payments "in accordance with the terms of the existing real estate lien note." This note does not require the payment of taxes or insurance—only principal and interest. Therefore, even though Dawn urges a different interpretation, differing interpretations of a contract do not amount to an ambiguity. *See Kelley Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998) (holding that mere conflicting expectations or disputes are not enough to create ambiguity); *see Consol. Petroleum, Partners, I, LLC v. Tindle*, 168 S.W.3d 894, 898–99 (Tex. App. 2005) (citing *Birnbaum v. Swepi LP*, 48 S.W.3d 254, 257 (Tex. App.—San Antonio 2001, pet. denied) (noting courts cannot change a contract simply because one of the parties comes to dislike its provisions or provides a different meaning to them)). We hold the agreement clearly required Michael to pay mortgage payments according to the terms of the note, and these terms only included monthly principal and interest.

Moreover, in construing contracts, courts must consider all the provisions with reference to the entire document. *Coker*, 650 S.W.2d at 394. The agreement incident to the divorce provides that the entire agreement of the parties consists of the agreement and the divorce decree. The agreement states that Michael is to pay the "mortgage obligation," but the divorce decree provides that Dawn is responsible for paying "[a]ny and all debts, charges, liabilities and other obligations . . . related to property awarded to [Dawn] . . . ." Therefore, we hold Michael was required to pay principal and interest on the mortgage, while Dawn was responsible for all other charges, including taxes and insurance.

Dawn also complains the trial court erred in allowing Michael an offset and credit against an obligation owed to a nonparty, the mortgage company. However, we hold the credit is against

Michael's obligation to Dawn pursuant to the terms of the agreement; it is not an offset against their mutual obligation to the mortgage holder under the terms of the note. The credit merely acknowledges that Michael has paid a certain amount, which the trial court credited against his obligations to Dawn.

Finally, Dawn argues the trial court erred in awarding attorney's fees to Michael, because she should have been the prevailing party in the enforcement suit. Dawn does not challenge the reasonableness of the attorney's fees awarded to Michael. *See Aquila Sw. Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 240–41 (Tex. App.—San Antonio 2001, pet. denied) (noting that when party challenges reasonableness of attorney's fees, court may look at sufficiency of evidence to support fees). Instead, Dawn argues that according to the agreement, the prevailing party is entitled to recover such fees, and claims that because she should have been the prevailing party, it was error to award fees to Michael. Because we have held the trial court correctly entered judgment in favor of Michael, we hold the trial court did not err in awarding attorney's fees to Michael and overrule Dawn's last point of error.

## CONCLUSION

In sum, we overrule Dawn's points of error and affirm the trial court's judgment.


Marialyn Barnard, Justice