**Terry Allen SCHWARTZ, Appellant**

v.

**Kimberli SCHWARTZ, Appellee.**

No. 05–07–00202–CV.

Court of Appeals of Texas, Dallas.

March 19, 2008.

Charles F. Holmans, III, Law Offices of Charles F. Holmans, Dallas, for Appellant.

Thomas P. Jackson, Thomas P. Jackson & Associates, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

In a single issue, appellant asserts the trial court erred in granting appellee's motion for summary judgment. We affirm the judgment of the trial court.

### Background

Appellant and appellee were divorced in 2003. They executed an agreement incident to divorce that the trial judge approved and incorporated into the divorce decree. The "Final Decree of Divorce," signed and approved as to form and substance by Terry and Kimberli, provides:

*Agreement of Parties.* The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance.

To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

. . .

*Merger of Divorce Settlement Agreement.* This Final Decree is stipulated to represent a merger of the Divorce Settlement Agreement between the parties that has been filed with the Court.[1]

Pursuant to the agreement, appellant is to make monthly maintenance payments to appellee, make monthly payments for medications required by appellee, and pay for health insurance premiums for appellee.

In 2006, appellant filed a motion to modify the final decree of divorce. Asserting change in his financial position, appellant requested termination of monthly payments for spousal support and for appellee's medicines and payment of health insurance premiums. Appellee moved for summary judgment, asserting the Final Divorce Decree had become a final judgment, the divorce settlement agreement was final and not subject to rewriting by the trial court, and no provisions of the agreement had occurred entitling appellant to termination of the agreed spousal support. Without stating the grounds, the trial judge granted the summary judgment and denied all claims and causes of action asserted by appellant in his motion to modify the final decree of divorce.

### Standard of Review

The standard for reviewing a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who

1. If the court approves the agreement, the court may set forth the agreement in full or incorporate the agreement by reference in the final decree. Tex. Fam.Code Ann. § 7.006(b) (Vernon 2006).

moves for summary judgment must show the plaintiff has no cause of action. A defendant may meet this burden by either: (1) disproving at least one essential element of each theory of recovery; or (2) conclusively proving all elements of an affirmative defense. *See Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *See Kang v. Hyundai Corp.,* 992 S.W.2d 499, 501 (Tex.App.-Dallas 1999, no pet.).

### Discussion

■ The family code allows the parties to a divorce to enter into a written divorce agreement concerning the division of the spouses' property and liabilities and the maintenance of either spouse. *See* Tex. Fam.Code Ann. § 7.006(a) (Vernon 2006). If the trial court finds the terms of the agreement "just and right," the terms are binding on the court. *See* Tex. Fam.Code Ann. § 7.006(b).

■ The agreement between appellant and appellee incorporated in the final decree of the court became a part of the final judgment of the court. *See Pettitt v. Pettitt,* 704 S.W.2d 921, 924 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). When such an agreement is executed by the parties and incorporated into the judgment of divorce, it is binding on the parties, *O'Benar v. O'Benar,* 410 S.W.2d 214, 217 (Tex.Civ.App.-Dallas 1966, writ dism'd), and is interpreted under general contract law. *Vickers v. Vickers,* 553 S.W.2d 768, 769–70 (Tex.Civ.App.-Beaumont 1977, no writ). *See Pollard v. Stef-*

*fens,* 161 Tex. 594, 602, 343 S.W.2d 234, 239 (1961) (although rules relating to contract interpretation apply, agreed judgment accorded same degree of finality and binding force as final judgment rendered at conclusion of adversary proceeding).

■ "Under established principles, a contractual obligation cannot be avoided on the ground that it has become more burdensome than anticipated." *Mahrer v. Mahrer,* 510 S.W.2d 402, 405 (Tex.Civ. App.-Dallas 1974, no writ). As with any other contract, absent consent of the parties, the provisions of the agreement will not be modified or set aside except for fraud, accident or mutual mistake of fact. *Boyd v. Boyd,* 545 S.W.2d 520, 523 (Tex. Civ.App.-Houston [1st Dist.] 1976, no writ). Appellant made no allegation of fraud, accident, or mistake. Accordingly, the district court had no power to set aside the agreed divorce final judgment. *Cocke v. Cocke,* 382 S.W.2d 789, 790 (Tex.Civ.App.- Waco 1964, no writ). *See Martinez v. Guajardo,* 464 S.W.2d 944 (Tex.Civ.App.- San Antonio 1971, no writ) (court had no authority to modify property settlement agreement in divorce decree that was expressly approved and incorporated in divorce decree).

Therefore, we overrule appellant's single issue and affirm the trial court's judgment.