# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00177-CV

**John Carlton Ammann, Appellant**

**v.**

**Diane G. Ammann, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
### NO. C2006-1282C, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a trial court order denying appellant John Carlton Ammann's motion to terminate his obligation to make spousal support payments. We will affirm.

### *Background*

John[1] filed a petition for divorce in December 2006. Diane filed an answer and counter-petition for divorce in January 2007. On November 19, 2007, the parties executed a document titled "Rule 11 Agreement for Divorce Decree" (the Rule 11 Agreement). The Rule 11 Agreement was filed with the court, and the court's docket sheet indicates that the trial court granted the divorce that day pending entry of a final decree. Paragraph 13 of the Rule 11 Agreement provides: "John shall pay $1000/month in child support and $600/month alimony until [John and

---

[1] Because John Carlton Ammann and appellee Diane G. Ammann have the same last name, for clarity we will refer to them by their first names.

Diane's youngest child] is emancipated."[2]  The parties submitted a Final Decree of Divorce in December 2008.  The decree recites: "This decree judicially pronounced and rendered on November 19, 2007 and further noted on the court's docket sheet on the same date, but signed on December 17, 2008."  The Final Decree of Divorce contains a provision titled "Spousal Maintenance" that provides, in pertinent part:

> The Court finds that the parties agree that under the circumstances presented in this case, Diane G. Ammann is eligible for maintenance under the provisions of the Texas Family Code Chapter 8.  Accordingly, John Carlton Ammann is ordered to pay as maintenance the sum of $600.00 per month to Diane G. Ammann, with the first payment being due on the first day of December, 2007 and a like amount being due on the fourteenth day of the [sic] of each consecutive month thereafter until the earliest of one of the following events occurs:
>
> 1.    December 1, 2016;
>
> 2.    death of either Petitioner or Respondent; . . . .

In January 2009, John filed a motion requesting that the trial court terminate his obligation to make spousal support payments.  In his motion John asserted, and Diane does not dispute, that Diane "cohabits with another person in a permanent place of abode on a continuing, conjugal basis."  John contended that, as a consequence, the trial court was required under section 8.056 of the family code to terminate his obligation to pay spousal maintenance.  *See* Tex. Fam. Code Ann. § 8.056(b) (West 2006) ("After a hearing, the court shall terminate the maintenance order if the obligee cohabits with another person in a permanent place of abode on a continuing, conjugal basis.").  Diane countered that section 8.056 of the family code, which addresses termination of court-ordered

---

[2]  The record shows that this child's 18th birthday is December 1, 2016.

spousal maintenance, does not apply because John's payment obligation is not court-ordered spousal maintenance, but is contractual alimony agreed upon by the parties and memorialized in the Rule 11 Agreement. After a hearing, the trial court denied John's motion. This appeal followed.

*Analysis*

The issue before us is whether John's payment obligation is court-ordered spousal maintenance governed by chapter 8 of the family code, which would require the relief John seeks, or is contractual alimony governed by the parties' Rule 11 Agreement. Before 1995, the award of post-divorce alimony or spousal maintenance was held to be impermissible under the statutes and public policy of Texas. *Ex parte Casey*, 944 S.W.2d 18, 19 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). Although it prohibited court-ordered alimony, the supreme court did allow parties to agree to such awards contractually. *See Francis v. Francis*, 412 S.W.2d 29, 31 (Tex. 1967). Effective September 1, 1995, the legislature authorized courts to award post-divorce spousal maintenance, but strictly limited the circumstances under which they could do so. *See* Tex. Fam. Code Ann. §§ 8.001-.305 (West. 2006). The legislature also provided that any court-awarded spousal maintenance "terminates on the death of either party or on the remarriage of the obligee" and must be terminated by the court "if the obligee cohabits with another person in a permanent place of abode on a continuing, conjugal basis." *Id*. § 8.056. The legislature authorized "maintenance" in the context of a well-established legal distinction between court-ordered alimony, which was held to be impermissible, and alimony by agreement, which was permitted even when incorporated into a divorce decree. *See McCollough v. McCollough*, 212 S.W.3d 638, 645 (Tex. App.—Austin 2006, no pet.). Whereas the availability and termination of court-ordered spousal maintenance are

3

governed by chapter 8, the family code continued to permit the parties to a divorce to enter into written agreements concerning the support of either spouse on terms other than those the court is authorized to order. *See* Tex. Fam. Code Ann. § 7.006(a) (West 2006). Such maintenance agreements are binding on the parties and, even when incorporated into divorce decrees, are interpreted under general contract law. *Schwartz v. Schwartz*, 247 S.W.3d 804, 806 (Tex. App.—Dallas 2008, no pet.).[3] As with any other contract, absent consent of the parties, the provisions of such an agreement will not be modified or set aside except for fraud, accident or mutual mistake of fact. *Boyd v. Boyd*, 545 S.W.2d 520, 523 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ).

The spousal support obligation at issue in this case arises out of the Rule 11 Agreement signed by the parties and filed with the court. In the Rule 11 Agreement, John and Diane agreed that John would pay Diane alimony in the amount of $600 per month until their youngest child is "emancipated." John has made no allegation that the Rule 11 Agreement resulted from any fraud, accident, or mistake. In his motion, John argued that the payment obligation should be terminated because Diane "cohabits with another person in a permanent place of abode on a continuing, conjugal basis." The Rule 11 Agreement itself does not contain such a termination provision. John contends, however, that the $600 per month payment is spousal maintenance governed by chapter 8 of the family code, which does provide for the cessation of spousal

---

[3] "The legislature's evident intent in chapter 8 was to create narrow circumstances in which previously prohibited forms of spousal support could be awarded, not to govern the forms of contractual alimony previously permitted." *McCullough v. McCullough*, 212 S.W.3d 638, 645 (Tex. App.—Austin 2006, no pet.).

4

maintenance payments in the event of cohabitation. *See* Tex. Fam. Code Ann. § 8.056. In support of his position, John relies on the language contained in the divorce decree, specifically the following:

> the parties agree that under the circumstances presented in this case, Diane G. Ammann is eligible for maintenance under the provisions of Texas Family Code Chapter 8. Accordingly, John Carlton Amman is ordered to pay as maintenance the sum of $600.00 per month to Diane G. Ammann . . . .

John does not contend that he did not agree to pay $600 per month in spousal support. He asserts, though, that the parties "intend[ed] for the spousal support/alimony obligation to be governed by chapter 8 of the Family Code," and therefore the statutory conditions for termination apply.

While the language of the divorce decree does refer to chapter 8, we are not convinced that the parties agreed or intended for chapter 8 to govern, modify, or in anyway affect their agreement regarding spousal support. The Rule 11 Agreement itself manifests no intent that John's payment obligation be governed by chapter 8 of the family code. *See McCollough*, 212 S.W.3d at 646. The reference to chapter 8 appears only in the divorce decree, not in the Rule 11 Agreement that created the alimony obligation. The Rule 11 agreement and the divorce decree expressly state the events that terminate John's payment obligation. The Final Divorce Decree states that the payment obligation continues "until the earliest of one of the following events occurs: 1. December 1, 2016; 2. death of either Petitioner or Respondent." This termination provision is consistent with the terms of the Rule 11 Agreement, and does not include or refer to the events that would lead to termination of the maintenance obligation under chapter 8. *See* Tex. Fam. Code Ann. § 8.056. The decree contains no references to the factors the court must consider in determining the

5

nature, amount, duration, and manner of payments pursuant to chapter 8. In fact, John's agreed alimony obligation would have violated chapter 8 from its inception because it contemplates payments over a period of more than three years. *See id.* § 8.054 (court may not order maintenance that remains in effect for more than three years after date of order). The alimony provision contained in the Rule 11 Agreement and incorporated into the Final Divorce Decree differs from, and exceeds, the statutory provisions for the duration and termination of spousal maintenance. *See id.* §§ 8.054-.056. The mere reference to family code chapter 8 in the divorce decree does not transform the contractual alimony obligation into a court-ordered maintenance obligation governed by that chapter.

The trial court correctly concluded that the parties intended to, and by executing the Rule 11 Agreement did, create a contractual alimony agreement outside of the context of chapter 8, and that John's payment obligation is not court-ordered spousal maintenance governed by that chapter. An agreed judgment based upon a settlement agreement, such as the divorce decree in the present case, must be in strict or literal compliance with the terms of that settlement agreement. *Vickrey v. American Youth Camps, Inc.*, 532 S.W.2d 292, 292 (Tex. 1976). A trial court has no power to supply terms, provisions or conditions not previously agreed upon by the parties. *McLendon v. McLendon*, 847 S.W.2d 601, 610 (Tex. App.—Dallas 1992, writ denied).[4] The trial

---

[4] When the terms of an agreed judgment conflict with the underlying Rule 11 Agreement, the court with jurisdiction to do so should modify the judgment to conform to the settlement agreement. *See McLendon v. McLendon*, 847 S.W.2d 601, 610 (Tex. App.—Dallas 1992, writ denied). If the complaint is raised on appeal, the appellate court may modify the conflicting term to conform to the settlement agreement if the discrepancy in the terms results from a clerical error. *Id.* If the conflict is based upon judicial error, the appellate court must reverse the judgment and remand it to the trial court for entry of a judgment that conforms to the terms of the parties' agreement. *Clanin v. Clanin*, 918 S.W.2d 673, 678 (Tex. App.—Fort Worth 1996, no writ).

court properly declined to construe the divorce decree in a manner inconsistent with the Rule 11 Agreement and did not err in denying John's motion to terminate his obligation to pay Diane alimony of $600 per month until December 1, 2016. We overrule John's appellate issue.

## CONCLUSION

Having overruled John Carlton Ammann's single appellate issue, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: October 28, 2010