**AFFIRMED and Opinion Filed September 30, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00646-CV

**PATRICIA PRENTISS, Appellant**
**V.**
**MICHAEL PRENTISS, Appellee**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-12249**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

This appeal arises from the confirmation of an arbitration award dividing disputed personal property following a divorce. In three issues, Wife argues the trial court erred in confirming the award because the arbitrator exceeded his authority and refused to allow a postponement, and the court had no power to confirm the award because it altered the property division in the Decree. Concluding Wife's arguments are without merit, we affirm the trial court's judgment.

# I.  BACKGROUND

After Husband filed for divorce, the parties settled their case with a mediated settlement agreement ("MSA"). The MSA was subsequently memorialized in an agreement incident to divorce ("AID"). The AID provided that Wife was to receive, inter alia, multiple parcels of real property, multiple vehicles, including luxury vehicles, multiple accounts, and a $17 million cash payment. The AID further provided that Husband and Wife would agree in writing to the division of various items of personal property from a home in Cape Cod (the "Cape Cod" House") and a home on San Juan Island (the "SJI House").[1] Any disputed items from the Cape Cod House and the SJI House were to be submitted to arbitration. The court signed a final decree ("Decree") incorporating the AID.

A dispute arose concerning the division of personal property in the SJI House and the Cape Cod House. Accordingly, the parties signed an Agreed Arbitration Scheduling Order to "address the award of personal property and effects as set forth in the Parties' [AID]." The parties and their attorneys subsequently signed a binding arbitration agreement (the "Arbitration Agreement"). The Arbitration Agreement provided:

> The following issues will be submitted to final and binding arbitration in lieu of a trial to the Court:
>
> Disputed personal property.

---

[1] Neither house was ever the parties' primary residence.

The Arbitration Agreement further provided that each side would "be allowed, either orally or in writing, to present an Arbitration Position Statement concerning the facts, the issues to be resolved, and any memoranda of law that either desires to submit to the Arbitrator."

Wife submitted a list of disputed personal property that she requested be awarded to her (the "List"). The List included items she was to receive under the AID.[2]

After the parties exchanged their arbitration submissions, Wife requested a continuance. Wife asserts that the continuance was denied. However, there is no record of a proceeding considering the Motion and no order denying it. The arbitration proceeded as scheduled.

The day before the arbitration, Wife's counsel advised opposing counsel and the arbitrator by email, "We are in agreement to proceeding informally . . . [and] we will see you in the morning." The email further advised that Wife had cancelled the court reporter.

After the arbitration, the arbitrator signed an award (the "Award"). The Award used the List Wife composed to show the items of personal property awarded to Wife. Some of the items Wife requested on the original List were not included, and the Award provides that those remaining items are awarded to Husband. The Award

---

[2] The parties and the record are unclear about who provided the List to the arbitrator, but the parties agree this is of no consequence. There is no dispute that Wife composed the List.

also recites that the arbitrator relied on numerous documents and exhibits submitted by the parties.

Husband moved to confirm the Award and Wife moved to vacate, or alternatively, modify the Award. The trial court conducted a hearing and confirmed the Award. During the hearing, Wife's counsel conceded that Wife composed the List and the List was used by the arbitrator to determine the Award.

Wife moved for a new trial and to modify, correct or reform the judgment. The trial court made findings of fact and conclusions of law, and this appeal followed.[3]

## II. ANALYSIS

There is no dispute that Wife composed the List of disputed property submitted to the arbitrator. Her first issue argues the arbitrator exceeded his authority because she was not awarded property she was entitled to receive under the AID that she included on the List. Some of these items include a toilet roll holder, a plastic toilet plunger, an egg timer, a shell collection, and assorted pots and pans. Wife's second issue asserts the Award should have been vacated because the arbitrator denied her requested continuance.

---

[3] Both parties requested temporary orders pending appeal. The trial judge conducted a hearing, but did not rule on the motions.

## A. Standard of Review and Applicable Law

Under the Texas Arbitration Act (TAA),[4] judicial review of an arbitration award and the trial court's authority to vacate such award is limited to one of the enumerated statutory grounds. *Hoskins v. Hoskins*, 497 S.W.3d 490, 493–94 (Tex. 2016). One of these limited grounds is if the arbitrator exceeded his powers. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A); *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 90 (Tex. 2011). The arbitrator derives his power from the parties' arbitration agreement. *Id*. at 90. Thus, an arbitrator exceeds his powers when the award fails to draw its essence from the underlying contract. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc*., 294 S.W.3d 818, 830 (Tex. App.—Dallas 2009, no pet.). An award draws its essence from the contract when it is derived from the wording or the purpose of the contract. *Id.* Although the arbitrator may not ignore the plain language of the contract, we cannot, under a restricted judicial review, vacate an award based upon the ground that the arbitrator made a mistake in law or fact when issuing the award. *Id.* at 826, 830.

We apply the de novo standard to review a trial court's decision to vacate or confirm an arbitration award. *Id*. at 826. At the same time, review of an arbitration award is "extraordinarily narrow." *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010); *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex.

---

[4] The Arbitration Agreement provides that the TAA applies.

2002). An arbitration award is presumed valid and is entitled to great deference. *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Judicial scrutiny of an award focuses on the integrity of the arbitration process, not the propriety of the result. *Women's Reg'l Healthcare, P.A. v. FemPartners of N. Tex., Inc.*, 175 S.W.3d 365, 367–68 (Tex. App.—Houston [1st Dist.] 2005, no pet.). An arbitration award has the same effect as a judgment of a court of last resort, and a reviewing court may not substitute its judgment for that of the arbitrator merely because it would have reached a different result. *CVN Grp.,* 95 S.W.3d at 238–39.

## C. The Absence of an Arbitration Record

A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacating the award. *Statewide Remodeling, Inc. v. William*s, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.). When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award. *Nafta Traders,* 339 S.W.3d at 102; *Allegheny Millwork, Inc. v. Honeycutt*, No. 05-21-00113-CV, 2022 WL 2062876, at *3 (Tex. App.—Dallas June 8, 2022, pet. denied) (mem. op.).

There is no arbitration record here. Indeed, Wife cancelled the court reporter. We are unable to review the arbitrator's determination without a record of the hearing. Counsel's statements in post-arbitration briefing and briefing in this Court concerning what occurred is not a substitute for a record of those proceedings. *See*

–6–

*Henry S. Miller Brokerage, LLC v. Sanders*, No 05-14-01618-CV, 2015 WL 4600218, at *3 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op.).

Nonetheless, Wife insists that we must consider "the entire record." While the Award and some of the documents and testimony from the post-arbitration hearings provide a glimpse of what may have occurred at arbitration, we have no way to determine what was disputed and considered. *See Glenn A. Magarian, Inc. v. Nat'l Fin. Corp., Inc.*, No. 05-97-00663-CV, 1999 WL 814289, at *2 (Tex. App.—Dallas Oct. 13, 1999, pet. denied) (mem. op.) (if the record shows only a portion of the proceedings, we presume the evidence supports the award). Because we have no record, we presume the evidence supports the Award. *See Alia Realty LLC v. Alhalwani*, No. 05-21-00265-CV, 2021 WL 4316119, at *4 (Tex. App.—Dallas Sept. 23, 2021 pet. denied) (mem. op.); *Zena Land Devel. LP v. Edwards*, No. 05-21-00156-CV, 2022 WL 17688035, at *4 (Tex. App.—Dallas Dec. 15, 2022, pet. denied) (mem. op.).

Moreover, the parties agree that Wife provided the List of disputed property she now contends included property that should not have been considered. Neither the List nor Wife's arbitration submission in any way indicate that the listed AID items are not disputed. "A party cannot submit an issue to the arbitration panel and then when an unfavorable result occurs, claim the arbitrators exceeded their authority in deciding the issue." *Centex/Vestal v. Friendship West Baptist Church*, 314 S.W.3d 677, 686 (Tex. App.—Dallas 2010, pet. denied).

Likewise, there is no record to establish vacatur was required because the arbitrator refused to continue the hearing. A court shall vacate an arbitration award if the arbitrator refused to postpone the hearing after a showing of sufficient cause for postponement. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(B); *see also Mytech Corp. v. Ausman*, No. 03-98-00134-CV, 1999 WL 230942, at *5–6 (Tex. App.—Austin Apr. 22, 1999, pet. denied) (mem. op.).

In the absence of a reporter's record of the arbitration proceeding, the question on appeal is whether there is a sufficient record before the appellate court from which the court can conclude there was sufficient cause for postponement. *Henry S. Miller*, 2015 WL 4600218, at *2. "If the record does not demonstrate error, or is silent, the award must be presumed correct." *Id.*

Husband urges that we consider Wife's testimony from two hearings outside the arbitration to find there was sufficient cause for postponement. But there is nothing to establish that any of that evidence was presented to and considered by the arbitrator, or if it was, that it comprised the entirety of the arguments and evidence on the continuance issue.[5] Accordingly, we cannot determine whether the arbitrator was presented with sufficient cause to order a postponement. Wife's first two issues are resolved against her.

---

[5] The motion for continuance was introduced as evidence at a post-arbitration hearing. There is no reference to the motion in the Award. The email Wife's counsel sent the day before the arbitration indicated she was ready to proceed. There was no request for a formal ruling, nor does such a ruling appear in the record.

**D.     The Court's Authority to Confirm the Award**

Wife's third issue argues the trial court had no power to confirm the Award because it altered the AID division of property that was incorporated in the Decree. We disagree.

When the parties enter into an agreement, and the court approves that agreement, it can incorporate that agreement into the decree. TEX. FAM. CODE ANN. § 7.006. Once a final division of property exists, any modification of that division is not enforceable. TEX. FAM. CODE ANN. § 9.007(b). But a trial court may render further orders to enforce or implement the division of property in the decree. TEX. FAM. CODE ANN. § 9.006.

Here, the court incorporated the AID in the Decree. The AID provided that disputed personal property in the Cape Cod House and the SJI House would be subject to arbitration. Thus, to the extent there was a dispute, this property was not included in the Decree. The subsequent arbitration agreement made "disputed personal property" the issue for arbitration, with no other restrictions. This demonstrates that the arbitrator's division was contemplated but not controlled by the AID. Wife's inclusion of items she was to receive under the AID on the List submitted to the arbitrator signified that the listed items were in dispute.

The trial court had authority pursuant to Section 9.006 to confirm the arbitration award because that confirmation enforced the parties' contemplated arbitration to resolve disputed property. *See* TEX. FAM. CODE ANN § 9.006; *see also*

*generally*, *In re Provine*, 312 S.W.3d 824, 830 (Tex. App.—Houston [1st Dist.]. 2009, no pet.) (court retains continuing subject matter jurisdiction to enforce and clarify property division). The order confirming the Award did not modify the division of property but rather, implemented the parties' agreement to arbitrate.

Wife's argument that the Decree's property division is res judicata is similarly misplaced. When an agreement of the parties has been approved by a court and incorporated into the judgment, it becomes the judgment of that court. *Schwartz v. Schwartz*, 247 S.W.3d 804, 806 (Tex. App.—Dallas 2008, no pet.). A final, unambiguous divorce decree that disposes of all marital property bars relitigation. *S.C. v. M.B.*, 650 S.W.3d 428, 441 (Tex. 2002). Significantly, however, the AID incorporated into the Decree, did not dispose of all marital property. Instead, it left the division of certain items of disputed personal property to be determined by arbitration. Therefore, the Decree was not a final judgment. *See Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex. 1985) (final judgment disposes of all issues and parties). The Award divides the disputed property as contemplated by the AID and the Decree, and the trial court had the power to confirm the Award.

Wife's third issue is resolved against her. We affirm the trial court's judgment confirming the Award.

/Dennise Garcia/

DENNISE GARCIA

230646F.P05      JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA PRENTISS, Appellant

No. 05-23-00646-CV        V.

MICHAEL PRENTISS, Appellee

On Appeal from the 302nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-21-12249. Opinion delivered by Justice Garcia. Justices Pedersen, III and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MICHAEL PRENTISS recover his costs of this appeal from appellant PATRICIA PRENTISS.

Judgment entered this 30th day of September 2024.